Earl H. BEAL, Plaintiff-Appellant,

v.

BOARD OF EDUCATION, LACLEDE
COUNTY SCHOOL DISTRICT R-1,
Defendant-Respondent.

No. 12551.

Missouri Court of Appeals,
Southern District,
Division One.

June 30, 1982.

Motion for Rehearing or to Transfer to
Supreme Court Overruled
July 16, 1982.

Application to Transfer Denied
Sept. 13, 1982.

B. H. Clampett, William A. R. Dalton,
Daniel, Clampett, Ritterhouse, Dalton, &
Powell, Springfield, for plaintiff-appellant.

Mathew W. Placzek, Strong & Placzek, P. C., Springfield, for defendant-respondent.

GREENE, Presiding Judge.

This is a civil action brought by Earl H. Beal against the Board of Education, Laclede County School District R–1, arising out of the board's action in failing to re-employ Beal as principal of Conway High School, and in demoting him to his former position of classroom teacher. Beal's petition requested that the court order his reinstatement as principal pending a court-ordered hearing to be held in accordance with constitutional principles or, in the alternative, an award of damages if reinstatement was not ordered by the court. Beal and the board filed motions for summary judgment. The trial court entered summary judgment for the board and dismissed Beal's petition with prejudice. This appeal followed.

Prior to March 10, 1980, Beal had been employed by the school district for 27 years, the first 22 of which were spent as a teacher and the last 5 as principal of Conway High School. The district is non-metropolitan. On March 10, 1980, Beal was advised that he would not be re-employed as principal for the 1980–81 school year, but that he would be offered a position as a tenured classroom teacher for that year.

Beal then requested, by letter, that the board give him specific reasons, in writing, as to why they had not re-employed him as principal. He stated in his letter that his request was made pursuant to § 168.101, RSMo 1978, V.A.M.S. The board responded, citing as reasons for the demotion 1) failure to maintain proper discipline, 2) lack of effective communication between Beal and the teachers, students, and parents of the school district, and 3) inaccurate evaluation of teachers by Beal.

Beal then requested a public hearing, contending that he was entitled to such under the provisions of § 168.101. The board granted the request. Prior to the hearing, Beal moved for a more definite statement of the reasons for his demotion so that he could adequately prepare to refute such reasons, and also asked that he be given a

hearing before a board that had not already prejudged his case. No action was taken on his requests. At the hearing, the president of the board announced that the board did not intend to present any testimony to support their decision of demotion, would not entertain any questions, and would not "go into the reasons for not renewing Mr. Beal's contract as principal."

Beal then read a prepared statement to the board, after which a number of persons "spoke in his behalf." There was no transcript made of the proceedings. After the hearing, Beal was informed that the board's original decision not to re-employ him as principal "stood", and that he would be employed as a classroom teacher.

The contentions made on appeal are 1) the hearing granted Beal violated § 168.101(6) in that no meaningful hearing was given Beal as is, contemplated by the statute; 2) the board's motion not to re-employ Beal violated § 168.101(4) as it was not made and passed in proper form, and 3) the hearing granted Beal violated provisions of the United States and Missouri constitutions in that it did not satisfy the minimum requirement of due process.

■ We must first decide if Beal, as a high school principal in a non-metropolitan school district, is entitled to access to the procedures relative to appeal of school board actions affecting the employment of the principal. We conclude that he is not. Section 168.101(6) specifically states that certified employees who have been *re-employed* five times within the district are entitled to a written statement from the board specifying reasons for their demotion, and are entitled to a hearing, if requested.

There is no doubt that Beal would be entitled to the procedural guidelines set out in the statute if he had been re-employed five times within the district, as school principals are entitled to the due process protections of § 168.101. *Williams v. Board of Ed., Cass R–VIII Sch. Dist.*, 573 S.W.2d 81, 85 (Mo.App.1978); *Duncan v. Reorganized School Dist. No. R–1*, 617 S.W.2d 571, 572 (Mo.App.1981). Beal argues that the "re-

employed five times within the district" requirement was met by his combined employment in the district as a teacher and as principal for 27 years. The board contends that the requirement means re-employed five times *as a principal*, since to hold otherwise would discourage a school board from hiring a principal from within the system, as the board, in such case, would not have five years at no risk to test the competency of such an administrator.

■ Neither party has favored us with any citations on this precise issue, and we find none. We, therefore, must turn to general principles of law in resolving the issue. The law favors statutory construction that harmonizes with reason, and which tends to avoid absurd results. *State v. Stilley*, 337 S.W.2d 934, 939 (Mo.1960). When statutes are loosely drawn, strict meaning and arrangement of individual words are not as persuasive for purposes of statutory construction as are a reasonable meaning of the words in accordance with the legislative objective. *St. Louis Southwestern Ry. Co. v. State Tax Com'n*, 319 S.W.2d 559, 562 (Mo.1959).

The only reasonable construction of the words "re-employed five times" means re-employed as a principal, for to rule otherwise would open the door to absurd results. For instance, a permanent teacher with a six-year or more employment history within the district could immediately claim all of the vested due process rights granted under the statute without any probationary period whatsoever, if elevated to the status of principal. Some teachers make good administrators, others do not. The legislature evidently felt that school boards needed a six-year period to decide whether a person employed as a principal deserved statutory due process protection before being relieved of that position. The point has no merit.

■ Beal next argues that the board voted on a motion not to re-employ him, rather than a motion to re-employ him, and since § 168.101(4) requires that a motion to re-employ shall be made in a positive sense, it was error for the trial court to grant the summary judgment against him. Beal's po-

sition on this issue was rejected by this court in *Meloy v. Reorganized School Dist. Etc.*, 631 S.W.2d 933, 937–938 (Mo.App. 1982). The vote not to re-employ was unanimous. There was substantial compliance with the statute and no one was misled.

■ Beal's final point is that because he was a principal with an implied promise of continued employment, he was entitled to the protection afforded by the Fourteenth Amendment to the Constitution of the United States and Article 1, Section 10 of the Missouri Constitution, and that the hearing of April 8, 1980 did not afford him the constitutional guarantees mandated by those sections.

There was no claim of an implied promise of continued employment in Beal's petition, no claim of implied promise in his suggestions in support of his motion for summary judgment, and no facts submitted in his affidavit in support of his motion that would support such a claim. The mere fact that he had been a principal for five years does not amount to an implied promise to re-employ him for a sixth year.

Beal also contends that subparagraph E, paragraph IV of the policy rules and regulations of the board was an implied promise of continued employment as principal. We find nothing in the rules which constitute an implied promise of continued employment to Beal. The rule in question spells out procedures for handling complaints of tenured or probationary teachers. It did not apply to Beal in his status as principal.

Beal cannot make a claim of de jure tenure, as he was not re-employed five times as principal, as mandated by § 168.-101. His claim of an implied promise of continued employment has no basis in fact. The board's decision not to renew his contract as principal did not cast a stigma on Beal's reputation, such as to foreclose other employment opportunities.

Under these circumstances, Beal has no claim to constitutional due process. *Williams v. Board of Ed., Cass R–VIII Sch. Dist.*, supra, at p. 88. The point is denied.

**312**

The judgment of the trial court is affirmed.

TITUS, J., concurs.

FLANIGAN, J., concurs and files concurring opinion.

FLANIGAN, Judge (concurring in the result).

I respectfully concur in the result.

The majority opinion holds that the language "if such certificated employee has been re-employed five times within the district," appearing in § 168.101, par. 6, means re-employment in the same position, in this case the position of principal, rather than re-employment in any position.

The language "in the same staff position" is found in § 168.101, par. 2, § 168.101, par. 3, and § 168.101, par. 6. In addition, § 168.101, par. 3, refers to "re-employment in his present staff position." When the legislature, in using the term "re-employment," intended to restrict it to re-employment in the same staff position, it specifically said so. No such limitation appears in the opening phrase of § 168.101 which reads: "If such certificated employee has been re-employed five times within the district ..." The majority opinion would insert, by construction, the language "in the same staff position" immediately following the word "re-employed." Such construction, in effect, convicts the legislature of a negligent omission of a phrase which was specifically inserted three other times in the statute.

I do not think the foregoing issue of statutory construction need be reached because plaintiff Beal was accorded the benefits of § 168.101 whether or not he was entitled to them.