The Honorable Jess Garnett Representative, District 151 State Capitol Building Jefferson City, MO 65101
Dear Representative Garnett:
This opinion responds to your question asking:
 If a person owns land located across state lines and presently has the person's home located on the Missouri side of the state line and the person's child is attending an elementary or secondary state school and the person decides to build a new home located outside of Missouri but still located on the property that crosses state lines, may the child still attend Missouri public schools?
In presenting this question you explained:
 A constituent owns eighty acres of land on the Arkansas and Missouri state line with thirty-eight acres on the Arkansas side and forty-two acres on the Missouri side. Both he and his wife are employed in Missouri and live in Missouri at the present time. However, the constituent is planning on building a home on the land, but due to the geographic problems of the area he needs to locate the home in Arkansas. Their daughter is attending R-7 School District in West Plains and would like to keep the daughter in the same school after completion of building the new home in Arkansas.
Article IX, section 1 of the Missouri Constitution provides:
 A general diffusion of knowledge and intelligence being essential to the preservation of the rights and liberties of the people, the general assembly shall establish and maintain free public schools for the gratuitous instruction of all persons in this state within ages not in excess of twenty-one years as prescribed by law.
(Our emphasis).
By moving beyond Missouri's borders, your constituents would no longer be "persons in this state" and entitled to the constitutionally guaranteed benefit of a free education in Missouri.
To carry out the constitutional mandate, the legislature established, in chapters 160 et seq., a public school system comprised of separate school districts. Section 167.151.1, RSMo 1994, authorizes school boards to admit, in their discretion, "pupils not entitled to free instruction." That provision allows the school board to prescribe the tuition the pupils must pay. Thus, the school board of interest may admit the student who is the subject of your question under § 167.151.1. However, § 167.151.3 provides:
 Any person who pays a school tax in any other district than that in which he resides may send his children to any public school in the district in which the tax is paid and receive as a credit on the amount charged for tuition the amount of the school tax paid to the district; except that any person who owns real estate of which eighty acres or more are used for agricultural purposes and upon which his residence is situated may send his children to public school in any school district in which a part of such real estate, contiguous to that upon which his residence is situated, lies and shall not be charged tuition therefor; so long as thirty-five percent of the real estate is located in the school district of choice. The school district of choice shall count the children as eligible pupils for the purpose of distribution of state aid through the foundation formula.
(Our emphasis).
Section 167.151.3 applies to any person residing in a "district." Section 160.011(1), RSMo 1994, defines district to include six-director, urban and metropolitan "school districts." Those terms are likewise defined as types of "school districts." The law favors statutory construction which harmonizes with reason, and which tends to avoid absurd results. Beal v. Board ofEduc., Laclede County School Dist. R-1, 637 S.W.2d 309, 311
(Mo.App., S.D. 1982). We conclude that the term "school district," as used in Missouri statutes, refers to the various school districts within Missouri. Therefore, the constituent at issue would not reside in any "school district" if not a Missouri resident. Accordingly, § 167.151.3 would not apply in reducing that constituent's tuition.
CONCLUSION
It is the opinion of this office that § 167.151.1 authorizes a school board, in its discretion, to admit nonresidents of Missouri, and to prescribe the tuition those nonresidents must pay to attend its schools.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General