In the Matter of the Application of CALIFORNIA PACKING CORPORATION, for an Order that an Arbitration Proceed between the CALIFORNIA PACKING CORPORATION and ALEXANDER PALESTINE.

Supreme Court, New York Special Term, June, 1923.

**Arbitration — cannot be compelled before a foreign corporation in California.**

Where an agreement between the parties provides for an arbitration in California before a foreign corporation, an application for an order that the arbitration proceed there will be denied on the ground that an award taken without the state could not be the basis of a judgment.

In California neither party could be compelled to arbitrate under the agreement.

APPLICATION for order that arbitration proceed.

*Kendall & Herzog*, for petitioner.

*Teitelbaum & Jaykowsky*, for respondent.

LYDON, J. This is an application for an order directing that an arbitration proceed in the state of California on the disputes that have arisen between the California Packing Corporation and Alexander Palestine. The written agreement between the parties provides for such an arbitration to be had in California and before the Dried Fruit Association of California. I do not believe under the Arbitration Law this court may compel the respondent to arbitrate before a foreign corporation without the state, for the reason that no award taken without the state may be the basis of a judgment. In California neither party could be compelled to arbitrate under their agreement. California Civil Code, § 3390. If the arbitration be had within this state a commission may issue to take depositions of witnesses. If the petitioner will arbitrate here before arbitrators to be agreed upon by the parties an order may be entered to that effect; otherwise the motion is denied.

Ordered accordingly.