In the Matter of the Application of UNITED ARTISTS CORPORATION, Petitioner, for an Order Confirming an Award Made in the Arbitration Proceedings Granted in Its Favor by the Joint Arbitration Board against ALFRED GOTTESMAN, Respondent.

Supreme Court, New York County, October 2, 1929.

*O'Brien, Malevinsky & Driscoll* [*Edward C. Rafferty* of counsel], for the petitioner.

*Levy, Gutman & Goldberg* [*William Gold* of counsel], for the respondent.

COTILLO, J. This is an application by the petitioner for an order affirming an award granted by the joint board of arbitration of the city of Boston, State of Massachusetts, in favor of the petitioner against Alfred Gottesman, and also an order directing the clerk of the county of New York to enter judgment in favor of the United Artists Corporation, the petitioner, against the said Alfred Gottesman. The respondent, Alfred Gottesman, has made a cross-motion for an order vacating the awards. The awards were based upon several contracts entered into between the United Artists Corporation and Alfred Gottesman. The contracts involved in this matter were entered into for the purpose of exhibiting various motion pictures controlled by the petitioner and contained a provision for arbitration of any dispute. The respondent in opposing the petitioner's application urges, *first*, that the application must be denied for the reason that the petitioner is endeavoring to obtain a judgment against the respondent without due process of law; *second*, the contracts are not the contracts of the respondent, and the respondent has a right to have that fact tried by a court and jury; *third*, that the awards herein are indefinite and uncertain within the purview of subdivision 4 of section 1457 of the Civil Practice Act, and *fourth*, that a judgment may not be predicated upon arbitration awards made without the State.

The only notice to the respondent or attempt to obtain jurisdiction over him, he being a resident of the State of New York, and not owning or holding any property in the State of Massachusetts, consisted of a notice sent to him through the mail addressed to his office in New York city.

In view of the decision of *Skandinaviska Granit Aktiebolaget* v. *Weiss* (226 App. Div. 56) the court feels that the point is well taken by the respondent that this arbitration cannot be confirmed or judgment entered thereon in the State of New York, and for that reason petitioner's motion to confirm must be denied, and in view of this ruling the court feels it unnecessary to pass upon the other objections raised by the respondent. As to the respondent's cross-motion, the court feels that in view of the fact that it has no authority or jurisdiction to confirm the award made in Massachusetts, it has no authority or jurisdiction to disturb that award in an action brought in the courts of the State of New York.

Motion to confirm award denied. Cross-motion to vacate award denied. Settle order.