In the Matter of the Arbitration between VANGUARD FILMS, INC., and SAMUEL GOLDWYN PRODUCTIONS, INC.

SAMUEL GOLDWYN PRODUCTIONS, INC., Petitioner; VANGUARD FILMS, INC., Respondent.

Supreme Court, Special Term, New York County, January 22, 1947.

*Samuel I. Rosenman, Godfrey Goldmark* and *Milton Shalleck* for petitioner.

*Orison S. Marden, Edgar E. Barton* and *John J. Hayes* for respondent.

COHALAN, J. Samuel Goldwyn and Selznick dealing through Vanguard Films, Inc. (hereinafter referred to as " Selznick "), are moving-picture producers. The Astor is a " first run " theatre in New York. Seeking an outlet for their pictures, these parties entered into a contract with the owner of the

Astor — this we will call the three-party contract. On the same date the producers made a kindred contract between themselves — this we will call the two-party contract. Thereafter Goldwyn assigned his rights under both contracts to the petitioner Samuel Goldwyn Productions, Inc. (hereinafter referred to as " Goldwyn "). Each contract contained a provision for arbitration of any differences that might arise. At the moment a Goldwyn picture is running successfully at the Astor. Selznick claims that this is in violation of the contract. Invoking the provisions of the two-party contract, a notice to arbitrate the question of the damages arising from the claimed violation of the agreement has been served by Selznick. Goldwyn now moves to stay such arbitration. It is conceded that at the time the two contracts were made Selznick's corporation had not complied with the laws of the State of New York in that it was a foreign corporation doing business here without having obtained a certificate of authority from the Secretary of State. Goldwyn, on the other hand, although a foreign corporation, was duly licensed in this State both when the assignment was made and this motion brought on. Under section 218 of the General Corporation Law unlicensed foreign corporations may not maintain any actions on contracts made under such circumstances. Section 218 of said Law reads as follows: " § 218. *Contracts of unauthorized corporation not enforceable.* A foreign corporation, other than a moneyed corporation, doing business in this state shall not maintain any action in this state upon any contract made by it in this state, unless before the making of such contract it shall have obtained a certificate of authority. This prohibition shall also apply to any successor in title of such foreign corporation and to any person claiming under such successor of such foreign corporation or under either of them."

In deciding this motion the court must determine (1) whether the proceeding sought to be brought under the arbitration clauses is an " action " within the meaning of section 218 of the General Corporation Law, and (2) if it is such an " action " should Selznick be enjoined from proceeding with the arbitration.

A reading of section 218 of the General Corporation Law indicates that the section is mandatory and self enforcing and constitutes a complete bar to any actions instituted by unlicensed foreign corporations under its stated conditions. There are numerous decisions to the effect that the word " action " is generic and includes all legal remedies. (*Bradford Co.* v. *Dunn*,

188 App. Div. 454; *Wood & Selick* v. *Ball,* 190 N. Y. 217; *Matter of Scheftel,* 250 App. Div. 396, revd. on other grounds 275 N. Y. 135.) While the rule enunciated in those cases was enunciated under the provisions of section 181 of the Tax Law, since repealed, it is noted that in *Matter of Scheftel* (*supra,* p. 142), the Court of Appeals observed that section 218 of the General Corporation Law " accomplishes much the same purpose."

It is clear therefore that if the respondent had instituted an action by serving a summons, or had begun any of the usual special proceedings growing out of the old common law by petition or writ, such action or proceeding would be dismissed at its inception. This arbitration proceeding was instituted by Selznick's letter of demand (*Matter of Grand Central Theatre, Inc.,* v. *Moving Picture Machine Operators Union,* N. Y. L. J., Nov. 5, 1941, p. 1366, col. 5, affd. 263 App. Div. 989).

The type of proceeding here instituted is an anomalous one. Arbitration is something of a " step-child " at our law. It has not the historical background of the ordinary action or the ordinary special proceeding. It came into being as an effort to substitute special knowledge and speed for the orderly procedure of law courts. Such proceedings have been brought into our Civil Practice Act, and section 1459 provides that they shall be deemed special proceedings. Some of the obvious differences between these proceedings and the usual court procedure are: An arbitration proceeding is not entitled in any court; it does not call for a hearing in any court or before any judge; no pleadings are used; it is not conducted under the usual evidentiary rules; the right to review is very limited, and the court is not usually aware of the existence of the proceeding until some application is made to enforce the agreement or award or to exercise the limited right of review provided in section 1467 of the Civil Practice Act.

To determine whether or not respondent has invoked the jurisdiction of our courts, it is necessary to consider the agreements and the actions of the parties. The arbitration agreement was made in the State of New York; the real property involved (the Astor Theatre) is located here; the agreement states that the law of this State is to be applicable; the demand for arbitration was served in this State; the proposed arbitrators are almost entirely residents of this State, and the respondent has indicated its preference to have the arbitration held here. All of this is strongly indicative of an intent to invoke the jurisdiction of our courts.

Section 1450 of the Civil Practice Act states that where the parties provide for arbitration in New York they are deemed to have consented to the jurisdiction of the courts of this State. Assuming that, under the operation of the rules of the arbitration association designated in the agreement, New York is fixed as the place of arbitration and that, in effect, New York is therefore named as the place of arbitration in the agreement, this court is unwilling to construe section 1450 of the Civil Practice Act as leaving arbitration proceedings without section 218 of the General Corporation Law. The bar set up by the latter section does not concern itself with jurisdiction, but rather with the right to invoke the jurisdiction of the court. Further in this connection, it must be observed that in the absence of an express legislative statement to the contrary, this court, sitting at Special Term, will not hold that the amendment to section 1450 of the Civil Practice Act either repealed section 218 of the General Corporation Law as to arbitration agreements or declared such agreements without the latter section, which contains a statement of our public policy.

The recent case of *Matter of Galban Lobo Co., etc. (Haytian Amer. Sugar Co.)* (271 App. Div. 310) is not controlling on the statement of facts above set forth for the reason that neither of the unlicensed foreign corporations in that case was doing business in this State and the provisions of section 218 of the General Corporation Law did not become applicable.

Respondent contends that under the rules of the American Arbitration Association, it may, at the end of the arbitration, apply in the courts of any of the forty-eight States for relief in the enforcement of the award and that the present application is therefore premature. In effect, this is to urge that the arbitration should proceed to the final award, and that if and when such an award is presented to a court of this State for its determination, its jurisdiction should then be determined, and any necessary action taken. This argument is fallacious, and is in conflict with orderly procedure. The legal forum must necessarily be determined at the beginning of an action or special proceeding, and not when it nears its termination. All parties are entitled to know from the beginning the forum in which the ultimate decision will be made.

The motion is accordingly granted to the extent of restraining the respondent from invoking the jurisdiction of our court.