In the Matter of the Arbitration between UNITED ELECTRICAL, RADIO & MACHINE WORKERS OF AMERICA, Petitioner, and GENERAL ELECTRIC COMPANY, Respondent.

Supreme Court, Special Term, New York County, October 21, 1948.

*David Scribner* and *Arthur Kinoy* for petitioner.

*Donovan, Leisure, Newton, Lumbard & Irvine* for respondent.

NULL, J. This is an application to confirm an arbitration award and for an order making the award of the arbitrator the judgment of this court. The respondent cross-moves to vacate the award on two grounds. The first is that the issue which was the subject of the arbitration was not arbitrable under the terms of the agreement between the parties; the second, that this court is without power to direct the entry of judgment upon an award rendered in an arbitration held in a foreign jurisdiction.

The respondent is a domestic corporation, with its principal place of business located at Schenectady, New York. The petitioner is a trade union, an unincorporated association, with its place of business in New York City. There is an agreement between the parties relating to the wages, hours of work and other working conditions of workers employed by the respondent, which affects employees in eighty-six plants operated by the respondent in fifteen States. That agreement was entered into and executed in New York. Thereafter, a controversy arose between the parties with respect to the discharge of three persons employed at one of the respondent's plants located in East Boston, Massachusetts. Demand for arbitration of the dispute was made upon the respondent by the petitioner. The arbitration was held in the city of Boston, presumably pursuant to the laws of the Commonwealth of Massachusetts. At the outset of the hearings the respondent denied the applicability of the arbitration provisions of the collective agreement to the controversy sought to be arbitrated. A stipulation was agreed upon by the parties to the effect that participation by the respondent in the arbitration proceeding would not constitute a waiver of its right to contest the arbitrability of the dispute, any rule or statute to the contrary notwithstanding. Thereupon arbitration was held and concluded and the arbitrator rendered an award which upheld, in substance, the contention of the petitioner.

The principal question centers about the jurisdiction of this court to enforce the award, as a judgment of this court. The power of the court specifically to enforce an award in arbitration is statutory. Unless that power is expressly conferred by statute or is clearly inferable from its terms, the court is without power to decree specific performance (6 C. J. S., Arbitration and Award, p. 277). Article 84 of the Civil Practice Act confers no authority upon the court to grant to an award in arbitration procured in Massachusetts the standing of a judgment of the courts of this State. To the contrary, intimation is to be found that " no award taken without the state may be the basis of a judgment " in this State (*Matter of California Packing Corp.,* 121 Misc. 212, 213). Further support for this viewpoint may be found in text authority (2 Beale, Conflict of Laws, p. 1249; Sturges, Commercial Arbitrations and Awards, p. 922).

I am not unmindful that although the subject matter of the arbitration related to persons and acts in Massachusetts the original contract was executed in New York between parties having their principal offices in this State. Nevertheless, the parties, having initiated arbitration in Massachusetts, should be required to seek specific performance of any award in that jurisdiction.

Reason gives added weight to this position. If the courts of this State may be utilized to specifically enforce the terms of an arbitration award rendered in another State, incentive is given to the parties to shop about for the jurisdiction in which the most advantageous conditions obtain. Encouragement will not be given by the court to the intolerable condition which thus may be created (cf. *Matter of Vanguard Films* [*Goldwyn Productions*], 188 Misc. 796).

The same reasons apply with equal force to respondent's motion to vacate the award. Such application should be made in the jurisdiction wherein the arbitration was held and the award rendered.

In the circumstances the motion to direct the entry of judgment and the cross motion to vacate the arbitration are denied.