STEPHANIE'S, Plaintiff-Appellee, *v.* ULTRACASHMERE HOUSE, LTD., Defendant-Appellant.

Third District   No. 81-14

Opinion filed July 31, 1981.

Joel A. Deutsch, of Rock Island, for appellant.

Douglas C. Scovil, of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:
This case comes before us from an order of the Circuit Court of Rock

Island County vacating an arbitration award entered on June 12, 1980, in New York in favor of the defendant-appellant, Ultracashmere House, Ltd., and against the plaintiff-appellee, Stephanie's, a division of Vandemore Enterprises, Inc. The record shows that the arbitration award was made by the American Arbitration Association under the provisions of the New York Arbitration Statute. (N.Y. Civ. Prac. Law §§7501—7514 (McKinney 1980).) The arbitration was conducted in New York pursuant to an arbitration agreement between the parties dated June 4, 1979. Both plaintiff and defendant appeared before the arbitrator through counsel and presented their arguments.

On July 16, 1980, the defendant, Ultracashmere House, Ltd., petitioned the Supreme Court of New York to confirm the award pursuant to section 7510 of the New York arbitration statute. While the defendant's petition was pending before the Supreme Court of New York, the plaintiff, Stephanie's, filed a petition to vacate, modify or correct the arbitrator's award with the Rock Island County Circuit Court. The plaintiff's petition, filed on August 29, 1980, was presented to the court pursuant to the provisions of the Uniform Arbitration Act. (Ill. Rev. Stat. 1979, ch. 10, pars. 101-123.) Following a hearing on the plaintiff's petition at which both parties were represented, the circuit court denied the defendant's motion to dismiss and vacated the New York arbitration award of June 12, 1980.

The defendant appeals from the order of vacation, questioning whether the Illinois court had jurisdiction under the Uniform Arbitration Act (Ill. Rev. Stat. 1979, ch. 10, pars. 101-123), to vacate the arbitration award made under the laws of New York, prior to confirmation of the award in the State of New York.

■■ The plaintiffs-appellees have failed to file a brief with this court. Although a court of review is not compelled to serve as an advocate for the appellee or to search the record for the purpose of sustaining a judgment, where the record is simple and the claimed errors such that they can be easily decided without the aid of an appellee's brief, a court of review will decide the merits of an appeal. However, if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record, the judgment of the trial court may be reversed. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The issue before us is in reality a simple one: whether the Circuit Court of Rock Island County had jurisdiction under the arbitration statute in effect in Illinois to determine the merits of the plaintiff's petition to vacate the unconfirmed New York arbitration award.

■■ Section 16 of the Uniform Arbitration Act (Ill. Rev. Stat. 1979, ch. 10, par. 116) confers upon Illinois courts the power to enforce an agreement

under the Act and the Power to enter a judgment on an award under the Act. Because there was no award made under the Illinois statute, we fail to see how the trial court obtained jurisdiction pursuant to section 16 to act upon the New York award.

The New York award had not yet been confirmed by a judgment entered by a New York court, although confirmation proceedings are currently pending. The lack of a judgment on the New York award appears to leave nothing for the Illinois court to enforce or to recognize under the full faith and credit doctrine.

No Illinois authority has been found which bears directly on the question before us. An analogous situation is found in *United Artists' Corp. v. Gottesman* (Sup. Ct. New York County 1929), 135 Misc. 92, 236 N.Y.S. 623, in which an arbitration award was made in Massachusetts and the plaintiffs sought to confirm it in New York State, while the defendants sought to vacate it. The New York court determined that it had no authority or jurisdiction to confirm, modify, or vacate the Massachusetts award. The reasoning applied in *Gottesman* is applicable to the case at bar. The Illinois court in the instant case lacked authority to vacate the unconfirmed New York award just as the New York court determined that it lacked authority to confirm or modify the Massachusetts award in *Gottesman.*

The record before us is devoid of any express findings by the trial judge explaining his allowance of the plaintiff's petition to vacate the New York judgment. By his silence the trial judge improperly shifts the burden of *de novo* review to this court. We need not pursue the question further, however, as we determine that the defendants-appellants have demonstrated *prima facie* error which is supported by the record. Accordingly, we reverse the order of the Circuit Court of Rock Island County granting the plaintiff's petition to vacate and remand this case to the trial court for entry of an order dismissing the plaintiff's petition.

Reversed and remanded with directions.

ALLOY and HEIPLE, JJ., concur.