**STATE ex rel. TRI–CITY CONSTRUCTION COMPANY, Relator,**

v.

**The Honorable William J. MARSH, Judge of Division 1 of the Circuit Court of Jackson County, Missouri, Respondent.**

**No. WD 35126.**

Missouri Court of Appeals, Western District.

March 6, 1984.

Harold L. Fridkin, Richard D. Rhyne, Jeffrey D. Fridkin, Linde, Thomson, Fairchild, Langworthy, Kohn & Van Dyke, Kansas City, for relator.

Paden, Welch, Martin, Albano & Graeff, P.C., Michael W. Manners, Independence, for respondent.

Before NUGENT, P.J., and DIXON and KENNEDY, JJ.

DIXON, Judge.

Relator Tri-City Construction Co. (Tri-City) brought this original proceeding in mandamus to compel respondent Judge Marsh to proceed to a final determination on a petition to confirm an arbitrator's award.

The respondent judge dismissed the petition *sua sponte* on the ground that the court lacked subject matter jurisdiction over the arbitrator's award.

This court issued its Preliminary Order in Mandamus. The dispositive issue in this proceeding is the scope of the trial court's subject matter jurisdiction under Section 435.430, RSMo Supp.1983, of the Missouri Uniform Arbitration Act.

In June 1973 Tri-City entered into a construction contract with the City of Kansas City, Kansas, for sewer improvements in that city. In August 1973 Tri-City signed a subcontract with Alliett and Williams, Joint

Venture (Alliett), for a portion of that construction work. The work was performed by Alliett and Tri-City in 1973, 1974, and 1975. What followed was an extended dispute waged in three different courts. In October 1975 Alliett filed an action in the United States District Court for the District of Kansas against Tri-City and others alleging money due under the subcontract. While that suit was proceeding, Tri-City filed an action sometime in 1978 in the Circuit Court of Jackson County, Missouri, against Alliett for monies allegedly due Tri-City under that same subcontract. Apparently in September of that year Tri-City and the City of Kansas City, Kansas, entered into a Settlement Agreement in the federal court action. This federal suit was dismissed on jurisdictional grounds in late 1980.

On March 31, 1981, Alliett filed suit in the District Court of Wyandotte County, Kansas, against the same defendants in the aforementioned federal suit except Tri-City. However, Tri-City defended the suit as it agreed to do under the settlement agreement reached with the City of Kansas City, Kansas, in the federal suit. On February 9, 1982, during the proceeding in Wyandotte County, Alliett and Tri-City entered into a written Agreement for Binding Arbitration. In consideration for their arbitration agreement, the actions pending in Wyandotte County and Jackson County were dismissed with prejudice.

From May 24 to May 28, 1982, pursuant to the agreement of the parties an arbitration hearing was held in Jackson County, Missouri. The parties had agreed to arbitrate under the provisions of the Kansas Uniform Arbitration Act but had not specified in their written agreement the location for arbitration. They had, however, agreed to residents of Jackson County as arbiters and had appeared and submitted to the arbiters the evidence as to their dispute at hearings in Jackson County. On July 27, 1982, in a two-to-one decision, Alliett was awarded $511,415.42 on its claim against Tri-City. That same day Alliett filed the award in Wyandotte County District Court. On July 29 Alliett filed a petition to con-firm the award in Jackson County. Tri-City filed an answer to the Jackson County action on September 23 and a motion to vacate on September 24. Alliett then on August 25 filed a second petition to confirm in Wyandotte County. On October 25 Tri-City filed its answer and motion to vacate in Wyandotte County.

On March 21, 1983, an evidentiary hearing was held before respondent Judge Marsh. Evidence and testimony was introduced by both parties. After notifying the parties about a concern regarding the trial court's subject matter jurisdiction and after considering the parties' briefs on that issue, the trial court entered an order dismissing the parties' respective pleadings on the ground that the circuit court did not have subject matter jurisdiction because the arbitration agreement had been made in Kansas.

■ This case presents a question of first impression in Missouri. The Missouri Uniform Arbitration Act was passed by the Missouri legislature, effective August 13, 1980. Laws of Mo.1980, p. 433. The Missouri act follows closely the language of the Uniform Arbitration Act first proposed by the National Conference of Commissioners on Uniform State Laws in 1955. Since that time approximately half the states have enacted statutes modeled after it. *See generally,* Special Project, *Recent Developments: The Uniform Arbitration Act,* 48 Mo.L.Rev. 137 (1983). Adoption of the Uniform Arbitration Act in this state is a legislative recognition of the growing use of arbitration as a means of resolving disputes quickly with relatively low cost to the parties.

Section 435.430 states:

The term **"court"** means any court of competent jurisdiction of this state. The making of an agreement described in section 435.350 providing for arbitration in this state confers jurisdiction on the court to enforce the agreement under sections 435.350 to 435.470 and to enter judgment on an award thereunder.

The contentions thus pose the issue of the legislative intent manifested in the language, "The making of an agreement ... providing for arbitration in this state." Does the phrase "for arbitration in this state" refer to the making of the agreement so as to limit the jurisdiction of Missouri courts to those agreements made in this state as the trial court found? Or, alternatively, does the language intend to provide for jurisdiction in Missouri whenever the agreement either provides for arbitration to take place within this state or, absent specific agreement, when arbitration is undertaken with the consent of the parties within this state?

Tri-City argues that the respondent judge has jurisdiction of an arbitration award where the award was rendered in Jackson County following an arbitration hearing held in the same county. Respondent argues that Section 435.430 limits the court's jurisdiction to only those awards made under the Missouri Uniform Arbitration Act and the award in question was made pursuant to the Kansas Uniform Arbitration Act.

■ Section 435.450 directs construction of the Uniform Arbitration Act to "effectuate its general purpose to make uniform the law of those states which enact it." This statutory direction implements the underlying purpose of all uniform laws to eliminate uncertainty and provide plain and certain the controlling rules of law. *Union Trust Co. v. McGinty*, 212 Mass. 205, 98 N.E. 679 (1912).

■ The statutory directive to construe the statute so as to make the law uniform in the states that have adopted it gives special value to the precedents of other states on the same issue. *Western Waterproofing Co., Inc. v. The Lindenwood Colleges*, 662 S.W.2d 288 (Mo.App. 1983). In the absence of any Missouri authority and without any compelling policy to overcome the need for uniformity, the statute should be construed as other states have construed it in their decisional law.

There have been several decisions in other states construing the provision of the Uniform Act here in dispute. In *L.R. Foy Construction Co., Inc. v. Dauley*, 547 F.Supp. 166 (D.Kan.1982), the issue was whether the federal court (sitting on the basis of diversity jurisdiction after defendant removed the case from the Kansas state courts) had jurisdiction to compel arbitration. The parties had entered into some contracts which contained agreements to arbitrate. These contracts did not provide specifically for arbitration in Kansas. However, they noted that arbitration was to be in accordance with the rules of the American Arbitration Association (AAA). The AAA rules provided that the AAA could designate the locale for arbitration if a dispute arose. Arbitration hearings were scheduled for Hutchison, Kansas. Construing K.S.A. Section 5–416, identical in substance to Section 435.430, the court held that the agreement to be bound by the AAA rules, which could result in Kansas being selected as the arbitration site, "fulfills the statutory requirement that the agreement provide 'for arbitration in this state.'" *Foy*, 547 F.Supp. at 169. Thus, the court concluded that the jurisdictional requirement was met based on the possibility that a third party, i.e., the AAA, might select Kansas for arbitration.

Respondent cites *Stephanie's v. Ultracashmere House, Ltd.*, 98 Ill.App.3d 654, 54 Ill.Dec. 229, 424 N.E.2d 979 (1981), as supporting authority for the judgment below. In that case an arbitration award was entered in New York. The Illinois circuit court vacated the award and the appeal followed. The appellate court concluded that because no award was made under the Illinois Uniform Arbitration Act (whose jurisdictional statute is also substantially identical to Section 435.430), the circuit court lacked jurisdiction to consider the unconfirmed New York award. In reaching its conclusion the court adopted the reasoning from the case of *United Artists' Corp. v. Gottesman*, 135 Misc. 92, 236 N.Y.S. 623 (N.Y.Sup.Ct.1929). There the New York court refused to confirm an award made in

Massachusetts holding that the New York courts lacked jurisdiction.

*Stephanie's* differs from the instant case in that here the award was made in the state in which confirmation is sought. Though the *Stephanie's* court stated in its decision that no jurisdiction lay in the courts of Illinois because "no award [was] made under the Illinois statute," *Stephanie's, supra,* 54 Ill.Dec. at 230, 424 N.E.2d at 980, the decision seemed to focus on the fact that the arbitration had occurred in New York. Citation to *Gottesman* indicates that the site of arbitration was an important factor in the court's decision. A later New York case reinforces the importance of the site of arbitration. In *United Electrical, R. and M.W. v. General Electric Co.,* 193 Misc. 146, 83 N.Y.S.2d 768 (N.Y.Sup.Ct.1948), *aff'd. mem.,* 275 A.D. 908, 90 N.Y.S.2d 273 (1949), the parties were both New York associations. Arbitration of an employment dispute was held in Boston. The court denied the petition to confirm the award in New York, stating:

> [A]lthough the subject matter of the arbitration related to persons and acts in Massachusetts the original contract was executed in New York between parties having their principal offices in this state. Nevertheless, the parties, having initiated arbitration in Massachusetts, should be required to seek specific performance of any award in that jurisdiction.

*United Electrical, supra,* 83 N.Y.S.2d at 769.

The New York decisions noted above did not involve the Uniform Arbitration Act. However, recent decisions from Massachusetts interpreting a jurisdictional statute identical in substance to Section 435.430 support Tri-City's position. In *Stancioff v. Hertz,* 10 Mass.App. 843, 406 N.E.2d 1318 (1980), the court held, without citation to any authority other than the statute, that the holding of the arbitration in Boston pursuant to the American Arbitration Association's direction conferred jurisdiction on the Massachusetts trial court to enter judgment on the award. A more recent decision held that although both parties were New Hampshire corporations and the dispute concerned a building in New Hampshire, confirmation in the Massachusetts courts was proper where arbitration occurred in that state. *Kearsarge Metallurgical Corp. v. Peerless Insurance Co.,* 383 Mass. 162, 418 N.E.2d 580 (1981).

█ Every state that has considered the question of jurisdiction to confirm the award has focused on the place of arbitration and not the locus of the contract. On the principle of uniformity, the jurisdiction should lie in the Missouri courts where the parties by common assent undertook to arbitrate.

Any other conclusion would lead to anomalous results. Given the decisions in Kansas, Massachusetts, and New York, contracts having their locus in those states do not confer jurisdiction on the courts. Thus, if Missouri adopted a construction that looked to the locus of the contract for jurisdiction of the award, a Missouri resident contracting in New York, Massachusetts, or Kansas, and arbitrating in Missouri, would have no forum for enforcing the arbitration award.

Additionally, the place of contracting is not always, or even frequently, the convenient location for the arbitration. Modern business operates in a multistate environment, and the parties should be permitted to choose the place of arbitration and confirmation upon consideration of convenience, and not upon artificial concepts of the place of contracting.

Based upon the language of the statute, the Act's direction to construe the Act uniformly and common sense application of the Act to meet the needs of the parties, the statute must be held to confer jurisdiction on the Missouri courts.

Respondent's second point is that the arbitration agreement is unenforceable because it does not contain the notice of arbitration clause required by Section 435.-460. Because the agreement is unenforceable, respondent argues that the trial court

**153**

is without jurisdiction to grant the relief requested.

 Section 435.460 has not been construed since its enactment. This section is not found in the Uniform Arbitration Act. Section 435.460 requires that the following notice be given: "THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES." The statute is written in terms of a contract containing an arbitration provision. Here the contract itself is simply and solely an agreement to arbitrate a dispute known to the parties. Section 435.460 does state that the notice shall be included in "each contract" subject to the Missouri Uniform Arbitration Act. The law, however, does not favor statutory construction that produces absurd results but rather favors a construction that produces a reasonable result in accordance with the legislative objective. *Beal v. Board of Education, Laclede County School District R–1*, 637 S.W.2d 309 (Mo. App.1982). The logical purpose of Section 435.460 is to notify parties that their contractual agreement includes a provision for arbitration. Including such a provision in an agreement to arbitrate would serve no rational purpose. Such a requirement is illogical and obviously not intended by the legislature.

Respondent's final two points concern the jurisdiction of the Kansas courts over the arbitration award. Respondent argues that Kansas courts have not been divested of jurisdiction by operation of the "first filing" rule that Tri-City claims placed exclusive jurisdiction in Jackson County, Missouri. *State ex rel. General Dynamics Corp. v. Luten,* 566 S.W.2d 452 (Mo. banc 1978), is cited by both parties in support of their positions. *General Dynamics* illustrates that the first-filing rule applies to intrastate filings as opposed to interstate filings. The latter pose an issue of comity. This case has been tried in Jackson County and is under submission. The Kansas court has not acted, and there is no reason to believe that it would not follow *Foy, supra.*

The Peremptory Writ of Mandamus will issue ordering respondent judge to proceed to decision on the pending issues.

All concur.