FOREST HILLS COUNTRY CLUB,
Plaintiff-Respondent,

v.

FRED WEBER, INC.,
Defendant-Appellant.

No. 48939.

Missouri Court of Appeals,
Eastern District,
Division One.

April 9, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1985.

Application to Transfer Denied
June 25, 1985.

Jason M. Rugo, Gallop, Johnson & Neuman, Clayton, for defendant-appellant.

Stephen Rovak, Peper, Martin, Jensen, Maichel and Hetlage, St. Louis, for plaintiff-respondent.

GAERTNER, Judge.

Fred Weber, Inc. (Weber) appeals from the trial court's granting of a motion to stay arbitration proceedings which was filed by Forest Hills Country Club (Forest Hills) as part of Forest Hills' action against Weber for breach of a construction renovation contract. We have jurisdiction under § 435.440.1(2), RSMo.1978 (1984 Cum. Supp.). The judgment is reversed and the cause remanded.

Weber contends the trial court erred in staying arbitration proceedings because: (1) § 435.010, RSMo.1978 does not apply to the present case; and (2) the omission from the parties' contract of the notice provisions of § 435.460, RSMo.1978 (1984 Cum.

Supp.) does not require denial of arbitration in that Forest Hills had actual notice of the contract's arbitration clause.

On November 4, 1982, Weber and Forest Hills entered into a contract which required Weber to perform renovation and construction work at Forest Hills' clubhouse. The contract consisted of the American Institute of Architects (AIA) Standard Form of Agreement Between Owner (Forest Hills) and Contractor (Weber), the AIA General Conditions of the Contract for Construction, and drawings, specifications, addenda and modifications. Article 7.9 of the AIA General Conditions of the contract for construction provided for mandatory arbitration of all claims and disputes arising out of the contract.

Sometime after the execution of the contract and part performance, a dispute arose between Forest Hills and Weber. Pursuant to the terms of the contract, Weber filed a demand for arbitration with the American Arbitration Association. In response, Forest Hills brought the instant lawsuit for breach of contract and for a stay of the arbitration proceedings.

The trial court granted the motion for stay of the arbitration proceedings, which is an appealable order under § 435.440.1(2), RSMo.1978 (1984 Cum.Supp.). The decree reads:

Considering that the Missouri Uniform Arbitration Act (Sec. 435.350 through Sec. 435.470, RSMo), as enacted, effective August 13, 1980, did not specifically repeal Sec. 435.010, RSMo.1979, and considering further that the contract between the parties does not comply with the requirements of Sec. 435.460, RSMo. 1979, as amended 1980, plaintiff's motion to stay arbitration is sustained.

The legislature did not repeal § 435.010,[1] which in general renders executory arbitration agreements voidable, when it enacted § 435.350, which makes most such arbitration agreements "valid, enforceable, and

---

1. Sec. 435.010 has since been expressly repealed by the legislature. 1984 Mo.Laws 302 § 1.

irrevocable." Two seemingly contradictory statutes will be construed, if feasible, so that the later act will not operate as a repealer by implication, since if they are not irreconcilably inconsistent, both must stand. *Bartley v. Special School District of St. Louis County,* 649 S.W.2d 864, 867[5,10] (Mo. banc 1983). Repeal by implication is not favored. *Matter of Additional Magistrates for St. Louis County,* 580 S.W.2d 288, 299 (Mo. banc 1979).

■ Under § 435.465, the Uniform Arbitration Act, § 435.350—.470, applies only to written agreements to arbitrate between commercial persons. Thus, § 435.010 applies to all other arbitration agreements, i.e., oral agreements to arbitrate and written arbitration agreements between noncommercial persons. The two statutes are thus not irreconcilably inconsistent.

Nevertheless, the agreement to arbitrate in the present case is part of a written contract between "commercial persons," as that term is defined in § 435.465.2. Thus, the Uniform Arbitration Act, and not § 435.010, applies.

■ That the Missouri Uniform Arbitration Act applies does not, however, end our inquiry. The parties' contract did not contain the recital required by § 435.460.[2] The issue is whether the noncompliance with § 435.460 renders the agreement to submit to arbitration unenforceable.

In *State ex rel. Tri-City Construction Co. v. Marsh,* 668 S.W.2d 148, 153 (Mo.App. 1984), the court held that failure to comply with § 435.460 does not render an agreement to submit to arbitration unenforceable. The court stated that since the purpose of § 435.460 was to provide notice to the parties that their contract contained an arbitration clause, the inclusion of such notice in an agreement to arbitrate an existing dispute would have no rational purpose. *Id.*

Forest Hills argues that the present case is distinguishable, as the contract here is one in which the parties agree to submit future disputes to arbitration. Forest Hills misconceives the basis for the decision in *Marsh.* The court did not merely hold that an agreement to submit an existing dispute to arbitration need not comply with § 435.460, but so held because parties to such an agreement obviously have actual notice of the arbitration clause, thereby satisfying the purpose of the statute.

Weber also contends that the underlying purpose of § 435.460 was satisfied in the present case because Forest Hills drafted the contract and therefore had actual notice of the arbitration clause. If, in fact, Forest Hills drafted the contract, or presented the forms to Weber as the contract, this contention would be meritorious as Forest Hills would be charged with actual notice of the arbitration agreement. However, the record before us fails to disclose the truth or falsity of the allegation.

In its answer to Forest Hills' petition, Weber raised the affirmative defense that Forest Hills was estopped to deny notice because it drafted the contract. Forest Hills cannot be deemed to have admitted this allegation by failure to reply because the motion to stay arbitration was ruled upon by the trial court before the time for filing a reply had expired. Rule 55.25(b).[3] In the absence of such an admission, this issue, crucial to the application to stay arbitration can only be resolved by evidence presented at a hearing, by deposition, inter-

---

2. "435.460. Notice of arbitration provisions required.—Each contract subject to the provisions of sections 435.350 to 435.470 shall include adjacent to, or above, the space provided for signatures a statement, in ten point capital letters, which read substantially as follows: 'THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.'"

3. In its later filed reply to Weber's counterclaim, containing a similar allegation regarding draftsmanship, Forest Hills alleged it was without sufficient knowledge to form a belief as to

rogatory or requests for admissions. Accordingly, the cause must be remanded.[4]

PUDLOWSKI, P.J., and KAROHL, J., concur.

the truth or falsity of this allegation and therefore denied the same.

**4.** On remand, the parties may wish to address the issue raised by *Bunge Corp. v. Perryville Feed and Produce Co.*, 685 S.W.2d 837 (Mo. banc 1985), wherein § 435.460 was held to be invalid when applied to commercial contracts involving interstate commerce pursuant to preemption by the Federal Arbitration Act, 9 U.S.C. §§ 1–14 (1982).