**HAMILTON METALS, INC., Appellant,**

v.

**BLUE VALLEY METAL PRODUCTS COMPANY, and Sevra, Inc., and Stan J. Sevra, Respondents.**

Nos. WD 40107, 40393.

Missouri Court of Appeals, Western District.

Nov. 22, 1988.

Per Curiam on Denial of Rehearing Dec. 27, 1988.

Application to Transfer Denied Feb. 14, 1989.

Weldon W. Perry, Jr., Lexington, for appellant.

Mark D. Wasserstrom, Kansas City, for respondents.

Before SHANGLER, P.J., and CLARK and NUGENT, JJ.

CLARK, Judge.

Hamilton Metals, Inc., appeals judgments rendered in two related cases involving respondent Blue Valley Metal Products Company, a partnership. The issues presented are whether a partnership agreement arbitration clause should be enforced, as the trial court ordered, and whether a second cause should have been dismissed because duplicative of the issues in the first case. We affirm in part and reverse in part.

The following facts are not disputed. Hamilton is one of several partners in Blue Valley Metal Products, a Missouri partnership. Included in the partnership agreement was the following clause:

> Any controversy or claim arising out of or relating to this contract, or any breach thereof, shall be settled by arbitration in accordance with the rules then in use by the American Arbitration Association, and judgment upon the award rendered may be entered in any court having jurisdiction thereof.

On September 30, 1985, the general manager of the partnership sold certain assets of the partnership for $100,000. Hamilton received no distribution of any share in the proceeds of that sale, or any other partnership property. On this account, Hamilton sued respondents in conversion for their failure to distribute to Hamilton its share of the partnership assets. At a later date, Hamilton filed a second suit seeking dissolution of the partnership.

## THE ARBITRATION CASE

Respondents answered the first case by moving the court to refer the dispute to arbitration in accordance with the clause in the partnership agreement quoted above. The court sustained the motion, an arbitrator heard the case and found the issues in favor of the respondents. In its principal point, Hamilton contends the court erred when it referred the case to arbitration because the clause requiring arbitration was not set out in ten point capital letters as required by § 435.460, RSMo 1986.

According to the stipulated facts, the partnership imported equipment and materials from outside Missouri and it made sales to customers outside Missouri. Where a concern, such as Blue Valley, engages in interstate commerce, the federal arbitration statute, 9 U.S.C.A. §§ 1–14 (1970), preempts the local law and controls as to arbitration matters. *Bunge Corp. v. Perryville Feed & Produce, Inc.*, 685

S.W.2d 837, 838–39 (Mo. banc 1985). The federal statute contains no requirement as to typeface and therefore the subject agreement is not burdened with the infirmity which Hamilton asserts.

■ Despite the qualification of the subject agreement as enforceable under federal law, it was nonetheless binding on Hamilton under state law because, as the trial court found, Hamilton had actual notice of the arbitration clause. Where actual notice of the provision for arbitration is shown, the purpose of the statute is fulfilled and compliance with the ten point type requirement is irrelevant. *See State ex rel. Tri-City Constr. Co. v. Marsh,* 668 S.W.2d 148, 153 (Mo.App.1984).

Hamilton next contends the arbitration clause was not applicable to deprive Hamilton of a judicial trial because its cause was in tort, not breach of contract, and thus did not "arise out of" the partnership agreement.

■ An arbitration clause is to be construed so as to favor arbitrability and an order to arbitrate should not be denied unless it may be said with positive assurance that the arbitration clause does not cover the asserted dispute. *Village of Cairo v. Bodine Contracting Co.,* 685 S.W.2d 253, 264 (Mo.App.1985). In this case, the dispute involves partnership property and the interest of Hamilton, which necessarily calls into application the relevant terms of the partnership agreement. Whether the cause is denominated one in tort or contract is not controlling. The rights of Hamilton arise out of the partnership contract and are subject to the arbitration provision.

Finally, Hamilton asserts that the trial court erred when it affirmed the arbitrator's award because "the award exceeds the scope of the court's submission." We assume from the content of the argument under the point that Hamilton takes exception to the absence of findings of fact and conclusions of law as part of the award. Hamilton cites only *Vulcan–Hart Corp. v. Stove, Furnace & Allied Appliance Workers,* 516 F.Supp. 394 (E.D.Mo.1981), in support of the proposition that absence of particular findings is a defect in an arbitrator's decision.

■ *Vulcan–Hart* is not in accord with the weight of authority on the subject. Generally, arbitrators are no more obligated to give reasons for an award than is a jury expected to explain a verdict. Unless required by statute or the terms under which the case is submitted to the arbitrator, it is not necessary that the award be accompanied by specific findings of fact or conclusions of law. 5 Am.Jur.2d *Arbitration and Award* §§ 126, 127 (1962).

In the present case, the arbitration clause in the partnership agreement and the order of submission to the arbitrator made no requirement that findings be included in the award. The complaint that such findings were not made states no ground of infirmity in the award or the judgment which adopted it.

### THE SUIT FOR PARTNERSHIP DISSOLUTION

■ On December 16, 1987, while the suit for conversion discussed above was still pending, Hamilton filed a statutory action under § 358.320, RSMo 1986, for dissolution of the Blue Valley partnership. The relief sought was a formal liquidation of the business and, incidental thereto, a distribution of the partnership assets. Respondents, defendants in that case, moved to dismiss the suit on the ground that the cause was duplicative of the previous and then pending case for conversion. The court sustained the motion and dismissed the suit, apparently for the reason that the second suit required the incidental relief of an accounting. Hamilton contends the dismissal was ordered in error because the petition stated grounds for relief independent of the conversion action.

It is true that to the extent the suit for dissolution of the partnership sought an accounting from the manager of the business and implicitly claimed for Hamilton a share of the partnership assets, the two cases moved on similar grounds. Despite the outcome of that phase of the controversy, a result concluded by the arbitrator's award, Hamilton was entitled to a court

supervised winding up of the partnership entity. That relief was neither sought nor accomplished by any judgment entered in the conversion case which merely adjudged Hamilton's claim to particular assets. Section 358.320, RSMo 1986, provides an orderly way to terminate a partnership, not only in the matter of distributing assets but also by making provision for liabilities, if any.

The partnership dissolution suit may, in view of the result of the arbitration decision, be no more than a formal exercise to close out the partnership, but the two cases do not both result in the same judgments. Hamilton was entitled to a hearing and decision in the second suit and the trial court erred when it ordered that case dismissed.

The judgment confirming the arbitration award is affirmed. The order dismissing the suit for dissolution of the partnership is reversed and the case is remanded with directions to reinstate the petition of appellant. Costs are assessed equally to appellant and respondents.

All concur.

## ON MOTION FOR REHEARING

PER CURIAM.

█ Respondents argue in their motion for rehearing that this court erred when it reversed the judgment dismissing appellant's suit for dissolution of the Blue Valley Metal Products partnership, now contending that appellant has no standing to maintain the action under § 358.320, RSMo 1986, because appellant has previously been adjudged not to be a partner in the Blue Valley entity. The contention was not previously briefed or argued on this appeal and was therefore not considered in the opinion.

The petition which appellant filed for dissolution of the partnership alleged that Hamilton Metals, Inc., was a partner in Blue Valley Metal Products Co., holding an interest of 11.75 percent. The answer denied the allegation. Respondents say that the effect of the arbitrator's award in the companion case which denied appellant's claim to a share of the proceeds from sale of Blue Valley assets was to declare also that appellant was not a partner in the venture.

The arbitrator's award appearing in the record on appeal contains no findings, only the conclusion that the issues were determined in favor of respondents here. If in fact the arbitrator did reach such a conclusion as respondents now contend, that was not the basis on which they moved the trial court for dismissal nor did the trial court so find. To the contrary, the trial court ruled that the issues and factual bases in the two cases, the suit for a share of the partnership assets and the suit for dissolution of the partnership, were the same and the suits were therefore duplicative.

It may well be that respondents can present proof or a record sufficient to establish that appellant lacks standing to maintain the suit for dissolution of the partnership. The record here is not sufficient, however, to resolve the case on that basis, particularly where the question was not presented to or ruled on by the trial court. The proceedings on remand provide an adequate opportunity for respondents to raise the issue and to secure a dismissal of the cause if in fact appellant does lack the requisite standing to maintain the statutory action.