**Linda COOK, Respondent Pro Se,**

v.

**Jerry COOK, Appellant.**

**No. WD 59899.**

Missouri Court of Appeals, Western District.

June 25, 2002.

John R. Shank, Jr., Kansas City, for Appellant.

Linda Cook, Kansas City, pro se.

Before ULRICH, P.J., BRECKENRIDGE and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Jerry Cook challenges the sufficiency of the evidence to support the renewal of a full order of protection and maintenance award to Linda Cook. We reverse and remand the cause for dismissal because

the trial court lacked subject matter jurisdiction to proceed on the renewal motion.

### Factual and Procedural History

On February 4, 1999, Linda Cook filed a petition for order of protection against her husband, Jerry Cook, pursuant to the Adult Abuse Act, § 455.010 *et seq.* R.S.Mo. After an evidentiary hearing, the trial court granted a full order of protection and ordered Mr. Cook to pay maintenance of $2,000 monthly to Mrs. Cook. The order, entered March 30, 1999, was set to expire on September 28, 1999.

On September 13, 1999, Mrs. Cook filed a motion to renew the order of protection. The court heard evidence and granted the renewal on October 28, 1999. This second full order of protection was made effective for 180 days, until March 30, 2000, and the court reduced Mr. Cook's maintenance obligation to $1,250 monthly.

In March 2000, Mrs. Cook requested another renewal of the protection order. After hearing, the court granted the third full order of protection for a one-year period, until March 30, 2001. The court ordered Mr. Cook to continue paying maintenance of $1,250 monthly.

Mrs. Cook filed a motion to renew the order of protection for a fourth time on March 1, 2001. The court granted a one-year renewal until March 30, 2002, after hearing evidence from both parties. In the judgment entered March 13, 2001, the court also retroactively reduced Mr. Cook's maintenance obligation to $750 for the period of August 1, 2000 through April 1, 2001, and ordered that maintenance terminate thereafter.

Mr. Cook appeals the final judgment, challenging the sufficiency of the evidence to support renewal of the full order of protection and the maintenance award. Based on our determination that the trial court lacked subject matter jurisdiction, we need not address the sufficiency of the evidence.

### The Adult Abuse Act

The Adult Abuse Act authorizes the trial court to enter a full order of protection to a petitioner who proves, by a preponderance of the evidence, an allegation of abuse or stalking. § 455.040. The order can restrain the respondent from having any contact with the petitioner and can remain in effect from 180 days to one year, as determined by the court. §§ 455.032, 455.040.

A full order of protection is renewable upon a showing that its expiration will place the petitioner in an immediate and present danger of abuse. *Capps v. Capps,* 715 S.W.2d 547, 552 (Mo.App.1986). In § 455.040, the renewal provision states in relevant part:

> Upon motion by the petitioner, and after a hearing by the court, the full order of protection may be renewed for a period of time the court deems appropriate, except that the order protective order shall be valid for at least one hundred eighty days and not more than one year from the expiration date of the originally issued full order of protection ... Upon motion by petitioner, the second full order of protection may be renewed for an additional period of time the court deems appropriate, except that the protective order shall be valid for at least one hundred eighty days and not more than one year.

Pursuant to this statute, an original full order of protection may be twice renewed, such that a petitioner may be entitled to receive a total of three full orders of protection. We note, as a preliminary and potentially dispositive matter, that the judgment appealed by Mr. Cook involves the *fourth* full order of protection entered

by the court relative to the original petition filed by Mrs. Cook in February 1999. This raises the question of whether the trial court had authority to proceed on the final renewal motion. While neither party addressed this issue at the trial court or on appeal,[1] we are obligated to consider whether Mrs. Cook's motion failed to state a claim on which relief could be granted and thereby deprived the trial court of subject matter jurisdiction. *Videon Corp. v. Burton,* 369 S.W.2d 264, 267 (Mo.App. 1963) (courts should examine subject matter jurisdiction *sua sponte); Roy v. Mo. Dep't. of Corr.,* 23 S.W.3d 738, 744 (Mo. App. W.D.2000) (failure to state a claim upon which relief can be granted is related to subject matter jurisdiction and may be addressed *sua sponte,* though not preserved by either party); Rule 84.13(a).

### Jurisdiction Issue Is Dispositive

■ Subject matter jurisdiction involves the nature of the cause of action or the relief sought and exists only when the court has the right to proceed to determine the controversy at issue or grant the relief requested. *Group Health Plan Inc. v. State Bd. of Registration for the Healing Arts,* 787 S.W.2d 745, 748 (Mo.App. E.D.1990). This jurisdiction is derived from law and cannot be conferred by waiver or consent. *Steele v. Steele,* 978 S.W.2d 835, 837 (Mo.App. W.D.1998). The actions and proceedings of a court without subject matter jurisdiction are void, and the only recourse is to dismiss the cause. *McDonald v. Thompson,* 35 S.W.3d 906, 913 (Mo.App. S.D.2001.)

■ When a court of general jurisdiction is engaged in the exercise of a special statutory power, that court's jurisdiction is limited by the statute. *Thornton v. Empire Bank,* 955 S.W.2d 249, 250 (Mo.App.

S.D.1997). In the instant case, the trial court engaged in the exercise of power granted by the Adult Abuse Act and, therefore, the court's subject matter jurisdiction was limited by the provisions of § 455.040.

■ Courts must give effect to a statute as written. *Boone County v. County Employees' Ret. Fund,* 26 S.W.3d 257, 264 (Mo.App. W.D.2000). Our responsibility is to ascertain the intent of the legislature from the language used and to consider the words used in their plain and ordinary meaning. *State v. Rousseau,* 34 S.W.3d 254, 259 (Mo.App. W.D.2000). The legislature is presumed to have intended what the statute says; consequently, when the legislative intent is apparent from the words used and no ambiguity exists, there is no room for statutory construction. *Id.*

The plain language of § 455.040 permits a petitioner to obtain a full order of protection and two renewals, for a total of three full orders of protection. The original order and renewals may each be granted for a minimum of 180 days up to one year. Thus, if three orders were entered, the maximum period of time over which the orders could extend is three years. The clear intent of the statute is, first, to limit the number of times an original order can be extended and, second, to limit the duration of the orders. The statute is unambiguous, requires no further construction, and must be applied as written.

The trial court was not authorized by § 455. 040 to grant a fourth full order of protection to Mrs. Cook. We recognize that the court entered the first and second orders for 180 days each, and the third and fourth orders for one year each, such that the total lapsed time of the orders did not exceed the statute's three-year maximum. However, § 455.040 clearly permits only

---

1. Mrs. Cook did not file a Respondent's Brief    on appeal.

three full orders of protection, regardless of whether those orders fully expend the maximum time allowed.

 We must presume the legislature did not do a meaningless act in setting the express limitation of three full orders of protection. If the legislature intended to allow orders to be extended over a three-year period without regard for the quantity of orders entered, it could have written the statute accordingly. "Where a statute limits the doing of a particular thing in a prescribed manner, it necessarily includes in the power granted, the negative that it can not be done otherwise." *State v. Ruch*, 926 S.W.2d 937, 939 (Mo.App. W.D. 1996). Applying the statute as written, we conclude that the trial court did not have subject matter jurisdiction under the renewal provision of § 455.040 to enter a fourth full order of protection.

The judgment of the trial court is reversed and the cause is remanded with instructions to vacate the judgment and dismiss the renewal motion for lack of subject matter jurisdiction.

ULRICH, P.J. and BRECKENRIDGE, J. concur.