TELTECH, INC. and Shane and Carmen Jarvis; Stephanie Gail Hazelton and Hazelton & Laner, LLP., Respondents,

v.

TELTECH COMMUNICATIONS, INC., et al.; Defendants,

Dillon Schramm Associates Ltd., Dillon Schramm & Associates Ltd., Richard L. Dillon, Appellants.

No. WD 62140.

Missouri Court of Appeals, Western District.

Sept. 30, 2003.

Gregory B. Hancks, Kansas City, MO, for Appellants and Defendants.

Patrick G. Reavey, Kansas City, MO, for Respondents, TelTech, Inc., Shane Jarvis, and Carmen Jarvis.

Spencer J. Brown, Kansas City, MO, for Respondents, Stephanie G. Hazelton and Hazelton & Laner, LLP.

Before PAUL M. SPINDEN, P.J., THOMAS H. NEWTON and RONALD R. HOLLIGER, JJ.

THOMAS H. NEWTON, Judge.

Respondents filed a multi-count lawsuit against appellants in Jackson County Circuit Court for fraud; negligence; breach of contract; breach of implied duty of good faith and fair dealing; and civil conspiracy, all in connection with the purchase of a business. Based upon an arbitration agreement executed between appellant Dillon Schramm Associates and respondent Shane Jarvis, appellants filed a motion to compel arbitration of the dispute and for a stay of the Jackson County litigation pending arbitration. In their motion, appellants invoked the Missouri Uniform Arbitration Act (UAA), section 435.355.1. The circuit court denied appellants' motion.

The parties disagree over who is bound to arbitrate under the agreement. The agreement provides that "[a]ll arbitrations shall be held in Johnson County, Kansas, except as otherwise agreed by the parties." The agreement further provides that it "shall be governed in accordance with the laws of the state of Kansas" and that "[a]ll sums due and obligations are performable in Johnson County, Kansas, where venue shall lie."

The appellants appealed the denial of the motion to compel arbitration and for a stay of the Jackson County litigation. They also filed a motion for a protective order to stay the proceedings in the circuit court. Our court granted that motion.

We conclude that the courts of this state lack jurisdiction to compel arbitration because the arbitration agreement provides for arbitration in the state of Kansas. Therefore, the trial court properly denied appellants' motion. We affirm the judgment of the circuit court and dismiss the appeal for lack of jurisdiction. The proceedings in the circuit court shall remain stayed as a matter of comity, however, until the Kansas courts can determine the enforceability of the arbitration agreement.

### ANALYSIS

Respondents contend that we lack jurisdiction over this appeal. Whether a party raises the issue or not, however, we must review our jurisdiction in every case sua sponte. *See, e.g., Cook v. Cook,* 97 S.W.3d 482, 485 (Mo.App. W.D.2002).

In their briefing, appellants have invoked two sources of authority: the UAA and the Federal Arbitration Act (FAA). We consider each of these laws in our discussion. Missouri has adopted the Uniform Arbitration Act (UAA). *See* Sections 435.350 through 435.470 [1]. Under the UAA, a Missouri court has the authority to compel arbitration "[o]n application of a party showing an agreement [to arbitrate] described in section 435.350, and the opposing party's refusal to arbitrate...." Section 435.355.1. It likewise has the authority to stay "[a]ny action or proceeding involving an issue subject to arbitration ... if an order for arbitration or an application therefor has been made under this section...." Section 435.355.4.

To compel arbitration or stay pending proceedings under the UAA, however, a Missouri court must have jurisdiction over the arbitration matter. *See H.T.I. Corp. v. Lida Mfg. Co.,* 785 S.W.2d 110, 112 (Mo.App. W.D.1990) (a court must be one of proper jurisdiction to entertain an application to stay arbitration proceedings under the UAA). The "source of the court's jurisdiction to act in arbitration matters is wholly derived from" the UAA. *Artrip v. Samons Constr. Inc.,* 54 S.W.3d

**1.** All statutory references are to RSMo 2000, unless otherwise noted.

169, 172 (Ky.Ct.App.2001).[2] Under the UAA, jurisdiction hinges upon the place specified for arbitration in the arbitration agreement. According to the UAA jurisdiction provision:

> The term **"court"** means any court of competent jurisdiction of this state. *The making of an agreement described in section 435.350 providing for arbitration in this state confers jurisdiction on the court to enforce the agreement* under sections 435.450 to 435.470 and to enter judgment on an award thereunder.

Section 435.430 (emphasis added).

■ This court has interpreted the jurisdiction provision to mean that if the arbitration agreement provides for arbitration in a state other than Missouri, then a Missouri court lacks jurisdiction to stay arbitration proceedings pending in another state. *H.T.I. Corp.*, 785 S.W.2d at 112. *See also Marsh*, 668 S.W.2d at 151–52 (recognizing that Missouri had jurisdiction to confirm arbitration award entered in Missouri because UAA confers jurisdiction upon courts of the state designated as location of arbitration).

In *H.T.I. Corp.*, a Missouri clothing manufacturer and a North Carolina textile seller had a dispute over the quality of some fabric. 785 S.W.2d at 111. Relying upon the parties' sales contracts, which contained an arbitration clause designating New York City as the place of arbitration and specifying New York state law as the governing law, the North Carolina textile company began arbitration proceedings in New York. *Id.* The Missouri manufacturer then filed an application in a Missouri court to stay the arbitration proceedings in New York. *Id.*

Because the parties' arbitration agreement provided for arbitration in New York, the Cole County Circuit Court concluded that "all questions arising in the matter, including whether or not there is an agreement, are questions for the New York courts and not for the Missouri Courts." *Id.* Accordingly, the court denied the stay application and dismissed the action. *Id.*

On appeal, this court affirmed the judgment of the circuit court and said:

> The agreement in question provides for arbitration in the "City of New York." It does not provide for arbitration in Missouri. Thus, no jurisdiction is conferred by § 435.430, RSMo 1986. Appellant contends, however, that this does not deprive the Missouri courts of jurisdiction in deciding whether or not an agreement exists in the first place under general principles of contract interpretation. Appellant's contention is in conflict with its actions as it commenced proceedings in the first instance under Chapter 435 where jurisdiction is quite clearly governed by § 435.430, RSMo 1986.

785 S.W.2d at 112.

Citing *Marsh, supra*, this court acknowledged that *Marsh* involved jurisdiction to confirm an existing arbitration award rather than jurisdiction "to decide on the validity of the contract in the first instance" but the court reasoned that "the principle remains the same. Just as jurisdiction to confirm arises out of the jurisdictional mandate of § 435.430, so too does the jurisdiction to decide if the clause is valid." *Id.*

**2.** As we have recognized before, "[t]he statutory directive to construe the statute so as to make the law uniform in the states that have adopted it gives special value to the prece-

dents of other states on the same issue." *State ex rel. Tri–City Constr. Co. v. Marsh*, 668 S.W.2d 148, 151 (Mo.App. W.D.1984).

We find support for this interpretation when we compare the UAA to the recently promulgated Revised Uniform Arbitration Act (RUAA), 7 U.L.A. 1 (Supp.2003). A handful of states—not including Missouri and Kansas—have adopted the RUAA. Unlike the UAA, the RUAA contains two jurisdiction provisions: one that applies to enforcement of agreements and one that applies to entry of judgments. *Id.,* § 26. Moreover, jurisdiction to enforce an agreement under the RUAA does not turn upon the location of arbitration. Instead, a court only needs to have "jurisdiction over the controversy and the parties" to enforce an arbitration agreement under the RUAA. *Id.,* § 26(a). In other words, any state court that otherwise has personal and subject matter jurisdiction may enforce an agreement under the RUAA. *See Id.,* Cmt. 2 ("Section 26(a) deals with the enforceability of arbitration agreements. A person may seek to enforce an agreement to arbitrate in accordance with Sections 6 and 7 in a State that has personal and subject matter jurisdiction."). *See also* Timothy J. Heinsz, *The Revised Uniform Arbitration Act: Modernizing, Revising, and Clarifying Arbitration Law,* 2001 J. Disp. Resol. 1, 51 (2001) ("This means that a court with personal jurisdiction over those involved in the controversy and subject-matter jurisdiction concerning the contract may determine whether to require arbitration.").[3]

The comments to the RUAA illustrate the change with the following example, which resembles *H.T.I. Corp, supra:*

[C]onsider a manufacturer that is a New York corporation and a consumer who resides in Missouri have an arbitration agreement that provides for arbitration in the State of New York. If the consumer challenges the enforceability of the arbitration clause, the consumer could do so in a Missouri court that would otherwise have subject matter and personal jurisdiction over the New York corporation.

*Id.* at Cmt. 2

According to Dean Heinsz, who served as the Reporter to the Drafting Committee to Revise the Uniform Arbitration Act for the National Conference of Commissioners on Uniform State Laws:

The Drafting Committee was concerned that under the UAA, the New York corporation could designate that the arbitration clause's validity could be determined only by a court in New York, making it difficult and expensive for a resident from Missouri or from other states to challenge the arbitration agreement. Under section 26(a) [of the RUAA], a Missouri court could determine the purchaser's challenge to the arbitration agreement if that court would otherwise have subject-matter and personal jurisdiction over the New York corporation. This provision intends to prevent a party, particularly

---

**3.** Note, however, that the location of arbitration continues to determine whether a court has jurisdiction to **confirm** an arbitration award under the RUAA. Section 26(b) of the RUAA says that "[a]n agreement to arbitrate providing for arbitration in this State confers exclusive jurisdiction on the court to enter judgment on an award under this [Act]." *Id.* The Comment accompanying this provision explains that "Section 26(b) follows the almost unanimous holdings of courts under the present, same language of Section 17 of the

UAA that if the parties in their agreement designate a place for the arbitration proceeding, then that State has exclusive jurisdiction to determine the validity of an arbitrator's award in accordance with Section 25. The rationale of these courts has been to prevent forum-shopping in confirmation proceedings and to allow party autonomy in the choice of the location of the arbitration and its subsequent confirmation proceeding." *Id.* at Cmt. 3 The Comment then cites *Marsh, supra,* in support of this proposition. *Id.*

one with superior bargaining power, from requiring the other party to determine the enforceability of an arbitration agreement only in a distant forum.

Heinsz, *supra*, at 51.

Based upon the differences between the UAA and RUAA jurisdiction provisions, we conclude that Missouri courts lack jurisdiction to compel arbitration under the UAA in this case because the arbitration agreement specifies a state other than Missouri as the location for arbitration. *Cf. L.R. Foy Constr. Co. v. Dauley*, 547 F.Supp. 166, 169 (D.Kan.1982) (in diversity case following removal from state court, Kansas federal district court had jurisdiction to grant application to compel arbitration where court concluded that the parties' arbitration agreement effectively provided for arbitration in the State of Kansas, as required under Kansas UAA jurisdiction provision that was substantially the same as Missouri UAA jurisdiction provision). The arbitration agreement in this case specifically provides that "[a]ll arbitrations shall be held in Johnson County, Kansas, except as otherwise agreed by the parties." Because it does so, the courts of this state lack jurisdiction to compel arbitration of the dispute.

■ We disagree with appellants that they may enforce the arbitration agreement in this state under the Federal Arbitration Act, if not the UAA. Although appellants rightly note that the FAA preempts state law to the contrary in cases involving interstate commerce, that rule also comes with an exception applicable to this case: the FAA does not preempt state law in a case where the parties have expressly agreed that any arbitration disputes will be governed by state law. *Volt Info. Scis., Inc. v. Bd. of Trustees*, 489 U.S. 468, 470, 477–79, 109 S.Ct. 1248, 1251, 1254–56, 103 L.Ed.2d 488 (1989) (where arbitration agreement's choice-of-law provision specified that "[t]he Contract shall be governed by the law of the place where the Project is located [California]" FAA did not preempt the parties' contractual agreement to abide by California arbitration law in resolving arbitration dispute).

■ As in *Volt*, the agreement in this case also contains a choice-of-law provision. It expressly says that "[t]his agreement shall be governed in accordance with the laws of the state of Kansas." Since the parties clearly expressed their agreement to apply Kansas law, the FAA does not preempt state law in this case.

This court previously granted appellants' motion for protective order and stayed all proceedings in the circuit court pending the resolution of the appeal. Because Kansas represents the proper forum for determining the enforceability of the arbitration agreement, all proceedings in the circuit court shall remain stayed until the courts of the State of Kansas can determine the enforceability of the arbitration agreement. Although such a stay is unusual, it is warranted given the unusual facts this case. *See* Annotation, *Stay of Civil Proceedings Pending Determination of Action in Another State or Country*, 19 A.L.R.2d 301, 323 (1951) (recognizing the general rule that foreign proceedings must have been commenced before the proceedings sought to be stayed in the forum state, but pointing out that "under particular circumstances even a previously commenced action at the forum may be stayed pending the determination of issues in a foreign action subsequently commenced.").

For the reasons explained above, we affirm the trial court's judgment denying appellants' motion to compel and dismiss the appeal for lack of jurisdiction. The proceedings in Jackson County Circuit Court shall remain stayed until the courts

of the State of Kansas rule upon the enforceability of the arbitration agreement.

Paul M. Spinden, P.J., concurs.

Ronald R. Holliger, J. concurs with result only.