142 S.W.3d 857 (2004)
GOVERNMENT e-MANAGEMENT SOLUTIONS, INC., Plaintiff/Respondent,
v.
AMERICAN ARBITRATION ASSOCIATION, INC., Defendant/Appellant.
No. ED 83129.
Missouri Court of Appeals, Eastern District, Division Two.
July 13, 2004.
Motion for Rehearing and/or Transfer Denied August 17, 2004.
Application for Transfer Denied September 28, 2004.
*858 James R. Keller, St. Louis, MO, for appellant.
Donald R. Carmody, St. Louis, MO, for respondent.
Motion for Rehearing and/or Transfer to Supreme Court Denied August 17, 2004.
KATHIANNE KNAUP CRANE, Judge.
Defendant arbitration association appeals from the trial court's judgment declaring that defendant has no authority to determine if plaintiff is a proper party to an arbitration proceeding pending in California, and that any award entered in that arbitration is not binding on plaintiff. We reverse and remand with instructions to dismiss the action because Missouri courts have no jurisdiction to determine who is a *859 party to and who is bound by an arbitration proceeding pending in California pursuant to a contract that provided for arbitration in a state other than Missouri.

FACTUAL AND PROCEDURAL BACKGROUND
In June, 1998, Systems Consultants, Inc. ("SCI"), located in St. Louis County, Missouri, entered into a contract with Long Beach Unified School District, in Long Beach, California, ("the school district"), in which SCI agreed to provide the school district with certain licensed software and perform other duties for the school district. The contract denominated the school district as "CUSTOMER", and provided that it would be governed by California law. It contained the following provision for arbitration:
20. ARBITRATION
20.1  Based upon mutual agreement by both parties and subject to Sections 12.2 through 12.5 above, any controversy or claim arising out of or relating to this Agreement or the breach thereof will be settled by arbitration in accordance with the Rules of the American Arbitration Association ("AAA") then in effect, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction. Any such arbitration will be conducted in the city nearest CUSTOMER location having an AAA regional office. The arbitrator(s) will be selected from a panel of persons having experience with and knowledge of electronic computers and the computer business. The arbitrators will have no authority to award punitive damages nor any other damages not measured by the prevailing party's actual damages, and may not, in any event, make any ruling, finding or award that does not conform to the terms and conditions of this Agreement.
20.2  Neither party nor the arbitrators may disclose the existence or results of any arbitration hereunder without the prior written consent of both parties.
20.3  Prior to initiation of arbitration or any other form of legal or equitable proceeding, the aggrieved party will give the other party at least 60 days prior written notice describing the claim and amount as to which it intends to initiate action.
The rules of the AAA include Rule 50 of the Commercial Dispute Resolution Procedures, which provides in part:
b. Neither the AAA nor any arbitrator in a proceeding under these rules is a necessary party in judicial proceedings relating to the arbitration.
* * *
d. Neither the AAA nor any arbitrator shall be liable to any party for any act or omission in connection with any arbitration conducted under these rules.
After entering into this contract, SCI borrowed funds from Cass Commercial Bank and secured the loan with its assets.
A dispute arose over the software that the school district had purchased from SCI. In June 2000, pursuant to the contract, the school district made a demand for arbitration with SCI to the American Arbitration Association ("AAA"). The AAA proceeded to administer the arbitration of this dispute in Los Angeles, California.
SCI later defaulted on the Cass Commercial Bank loan. On January 2, 2001, Cass Commercial Bank foreclosed on SCI's assets. Plaintiff, Government e-Management Solutions, Inc. ("GEMS"), a Missouri corporation formerly known as Government e-Business, purchased SCI's *860 assets in the foreclosure sale on January 2, 2001.
In March 2001, the school district amended its demand for arbitration to add GEMS as a party to the arbitration. On November 15, 2001, in its "Arbitrability Issue and Procedural Order No. 4," the AAA arbitration panel, to which the dispute between the school district and SCI had been assigned, determined that it had concurrent jurisdiction with the courts to decide if the school district met its burden of showing the existence of jurisdictional attributes that would compel a non-signatory, like GEMS, to arbitrate the dispute. The panel concluded that there were several "jurisdictional attributes," pleaded by the school district, which, if true, would subject GEMS to arbitration. It stated it would hear the jurisdictional issue, and ordered the school district and GEMS to submit their exhibits, information about witnesses, and "recommendations for incorporating or carving out the jurisdictional attributes from the core merits."
On January 3, 2002, GEMS filed an action against AAA in the Circuit Court of the City of St. Louis, seeking declaratory relief from the arbitration panel's November 15 order. AAA filed a motion to dismiss on the grounds that AAA has immunity from this type of suit, which can proceed only against the parties in the underlying arbitration, and in the absence of indispensable parties, the court cannot proceed. The trial court denied the motion to dismiss and the case proceeded to trial.
AAA renewed its motion to dismiss and moved for judgment in its favor on the same grounds. The trial court entered judgment for GEMS. In its Findings of Fact, Conclusions of Law and Judgment, the trial court determined that a justiciable controversy existed between GEMS and AAA, that AAA did not have arbitral immunity, that AAA did not have jurisdiction over GEMS, and that any arbitration award in favor of the school district would not be binding on GEMS.

DISCUSSION
On appeal, AAA contends that the trial court erred in entering judgment against it because it has arbitral immunity, as set out in International Medical Group, Inc. v. American Arbitration Association, Inc., 312 F.3d 833 (7th Cir.2002); there is no justiciable controversy between it and GEMS, citing State ex rel. Telecom Management v. O'Mally, 965 S.W.2d 215, 220 (Mo.App.1998); and no judgment could be entered in the absence of the school district, who was an indispensable party under Section 527.110 RSMo (2000) and Rule 87.04.
Before we address the merits of the appeal, we must consider sua sponte our jurisdiction. Teltech, Inc. v. Teltech Communications, 115 S.W.3d 441, 442 (Mo.App.2003); Freeway Media, LLC v. City of Kansas City, 14 S.W.3d 169, 172 (Mo.App.2000). Because our jurisdiction is predicated on that of the trial court, if the trial court lacked jurisdiction over this action, then any judgment entered thereon would be void, depriving us of jurisdiction except to reverse the judgment and remand the cause for dismissal by the trial court. Freeway Media, 14 S.W.3d at 172.
Plaintiff sought relief from an arbitration panel's order made in an active and ongoing arbitration proceeding in California. Missouri has adopted the Uniform Arbitration Act (UAA), Sections 435.350-435.470 RSMo (2000). "The `source of the court's jurisdiction to act in arbitration matters is wholly derived from' the UAA." Teltech, 115 S.W.3d at 442 (quoting Artrip v. Samons Constr. Inc., 54 S.W.3d 169, 172 (Ky.Ct.App.2001)). Jurisdiction under the *861 UAA is conferred by Section 435.430, as follows:
435.430. Court, jurisdiction.The term "court" means any court of competent jurisdiction of this state. The making of an agreement described in section 435.350 providing for arbitration in this state confers jurisdiction on the court to enforce the agreement under sections 435.350 to 435.470 and to enter judgment on an award thereunder.
(Emphasis added.)
Jurisdiction under this statute is governed by the place specified for arbitration in the arbitration agreement. If the arbitration agreement provides for arbitration in a state other than Missouri, then Missouri courts have no jurisdiction. Teltech, 115 S.W.3d at 443; H.T.I. Corp. v. Lida Mfg. Co., 785 S.W.2d 110, 112 (Mo. App.1990). The statute speaks in terms of jurisdiction to enforce an agreement and to enter a judgment or award thereunder. This language has been held to include jurisdiction to determine the validity of the arbitration clause and whether it is binding on a non-party to the agreement, H.T.I. Corp., 785 S.W.2d at 112, and to compel arbitration or stay pending court proceedings. Teltech, 115 S.W.3d at 442. The contract provisions setting out the place of arbitration control jurisdiction, even when the suit is brought by a non-party to that contract who challenges the validity of the arbitration clause and whether it is binding on it. H.T.I. Corp., 785 S.W.2d at 111-13.
In H.T.I. Corp., the plaintiff was a Missouri corporation that filed an application in a Missouri circuit court to stay an arbitration pending in New York City pursuant to a sales contract between two other companies, to which the plaintiff was not a party. The plaintiff contended that the arbitration provision was not binding on it and was invalid. The circuit court dismissed for lack of jurisdiction. On appeal our Western District affirmed, holding that the location for arbitration designated in the contract pursuant to which the challenged arbitration was proceeding governed jurisdiction. Id. at 112. It concluded, "Obviously, since Missouri is not the state in which arbitration is specified, Missouri is without jurisdiction to proceed." Id. at 113.
The arbitration agreement in the contract provides that arbitration "will be conducted in the city nearest CUSTOMER location having an AAA regional office." "CUSTOMER" is the Long Beach Unified School District located in Long Beach, California. Pursuant to the contract, the arbitration proceedings are being conducted in Los Angeles, California. Because the contract under which the arbitration panel was acting provides for arbitration in a state other than Missouri, Missouri courts lack jurisdiction to determine if GEMS is subject to the arbitration proceeding pending in California or would be bound by an award. H.T.I. Corp., 785 S.W.2d at 111-13.

Conclusion
We reverse the judgment and remand to the trial court with instructions to dismiss the action.
GLENN A. NORTON, P.J., and MARY K. HOFF, J., concur.