**STATE of Missouri, ex rel. Dana PLUTO, Relator,**

v.

**The Honorable Dennis KEHM, Respondent.**

**No. ED 85048.**

Missouri Court of Appeals, Eastern District, Writ Division III.

Sept. 7, 2004.

Leslie Freeman, St. Louis, MO, for Relator.

CLIFFORD H. AHRENS, P.J.

Dana Pluto (Relator) has filed a Petition for Writ of Mandamus. In the interest of justice as permitted by Rule 84.24, the Court dispenses with issuance of a preliminary order, answer, further briefing and oral argument and issues a peremptory writ of mandamus.

On June 28, 2002, the Circuit Court of Jefferson County issued a full order of protection for one year after finding Relator had proven allegations under section 455.040, RSMo 2000. On June 19, 2003, she filed her first motion for renewal of the order of protection. This motion was granted and the order of protection was extended for one more year. On July 20, 2004, Relator filed a second motion for renewal of the order of protection. On

August 2, 2004, Respondent denied the second motion for renewal, concluding that only one extension was allowed under Missouri law. Relator has filed the instant Petition for Writ of Mandamus, asking this Court to compel Respondent to reinstate Relator's Motion for Renewal of Adult Full Order of Protection, direct the summons to be issued and served, and continue to protect Relator until a hearing may be had on the issue of whether Relator is entitled to receive a second renewal of her order of protection.

Section 455.040 clearly provides for a second renewal of the order of protection. After providing for the first renewal, the statute states: "Upon motion by the petitioner, and after a hearing by the court, the second full order of protection may be renewed for an additional period of time the court deems appropriate, except that the protective order shall be valid for at least one hundred eighty days and not more than one year." Section 455.040.1. The statute further provides that if a hearing cannot be heard on the motion to renew prior to the expiration date of the order of protection, an ex parte order of protection may be issued until a hearing can be held. *Id.*

The Western District considered this issue in *Cook v. Cook*, 97 S.W.3d 482 (Mo. App. W.D.2002). In *Cook*, a wife had obtained a full order of protection against her husband. She had been granted two renewals of that order and then sought a third renewal. The Western District held that the circuit court lacked the authority to renew the order of protection a third time. *Id.* at 485. In doing so, it concluded that "[p]ursuant to this statute, an original full order of protection may be twice renewed, such that a petitioner may be entitled to receive a total of three full orders of protection." *Id.* Accordingly, Relator is correct in her assertion that the trial court

does have jurisdiction to renew her full order of protection for a second time, providing her with three full orders of protection.

A peremptory writ of mandamus is ordered to issue directing Respondent to set aside the order dismissing the motion for renewal of Adult Full Order of Protection, direct summons to be issued and served and to determine whether an ex parte order of protection should issue until a full hearing may be held.

ROBERT G. DOWD and GLENN A. NORTON, JJ., concur.