THE MASONIC TEMPLE ASSOCIATION OF ST. LOUIS, Appellant,

v.

COMPASS SQUARE & STAR, INC., et al., Respondents.

Nos. ED 85210, ED 85320.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 25, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 23, 2005.

Application for Transfer Denied April 26, 2005.

James A. Stemmler, St. Louis, MO, for Appellant.

Alan E. Dewoskin, Clayton, MO, for Respondent.

GEORGE W. DRAPER, III, Chief Judge.

On the petition of The Masonic Temple Association of St. Louis (Temple), the trial court appointed a receiver to collect and manage the funds of Compass Square & Star, Inc. (Charity). Temple has filed an appeal from two orders in this matter directing the receiver to make attorneys' fees payments of Charity and its directors and officer. We dismiss the appeal.

This is the third time these parties have appeared before this Court in this matter. In a previous appeal, this Court determined that The Masonic Temple Association of St. Louis (Temple) had standing to sue Compass Square & Star, Inc. (Charity). *The Masonic Temple Ass'n of St. Louis v. The Society for the Preservation of the Masonic Temple,* 70 S.W.3d 24, 26–27 (Mo.App. E.D.2002). Recently, Charity appealed from a judgment awarding declaratory relief in the form of a resulting trust in favor of Temple, appointing a receiver to collect and manage the funds donated to Charity, and granting Temple's petition for accounting. *The Masonic Temple Ass'n of St. Louis v. Compass Square & Star, Inc.,* 151 S.W.3d 67 (Mo. App. E.D., 2004). We affirmed the trial court's judgment. *Id.*

While the appeal was pending in that case, the trial court entered two orders. The first order was entered on August 18, 2004, and made various rulings, including an order directing the receiver to pay $1,000 to each defendant for deferment of attorneys' fees. The second order was entered on October 5, 2004, and directed the receiver to pay the fees and expenses of Charity and its directors and officers that they incurred to defend another suit, cause No. 04CC–002667. Temple appeals from these two orders in two separate appeals, which were consolidated.

Before addressing the merits of an appeal, this Court has a duty to examine its jurisdiction *sua sponte. Government e-Management Solutions, Inc. v.*

*American Arbitration Ass'n, Inc.*, 142 S.W.3d 857, 860 (Mo.App. E.D.2004). The orders in question are interlocutory, which raises a question of whether they are appealable. Unless an interlocutory order falls within those narrow exceptions provided by statute, a prerequisite to appellate review is that there must be a final judgment. Section 512.020(5), 2004 Mo. Legis. Serv. 168; *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). These orders do not fall within any of the enumerated exceptions and are not appealable as orders "refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers." Section 512.020(2). Therefore, they are only appealable if they are final judgments.

■ A final judgment normally resolves all claims in a case and leaves nothing for future determination. *Gibson v. Brewer*, 952 S.W.2d at 244. Where no such final judgment exists, the appeal should be dismissed. *Committee For Educ. Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994). The orders in question do not resolve all of the claims in the case. Indeed, the orders do not even resolve one distinct claim in the case. Rather, they are miscellaneous interlocutory orders regarding the receiver's powers and directing the receiver to make various payments. "For a judgment to be final and appealable, it must be one that finally disposes of at least one claim on the merits and not a ruling on miscellaneous issues that does not resolve at least one claim." *Bryant v. City of University City*, 105 S.W.3d 855, 856 (Mo.App. E.D.2003). The orders are interlocutory and are not appealable.

We directed the appellant to show cause why we should not dismiss this appeal for lack of a final, appealable judgment. In response, Temple has filed a copy of an "Order and Judgment" dated December 6, 2004 in which the trial court amends its prior orders by designating them as "judgments." However, while this does resolve the issue that the orders were not denominated judgments as required by Rule 74.01(a), this fails to resolve the issue that there is no *final* judgment from which an appeal can be taken. Without a final judgment, this Court has no jurisdiction to proceed with appellate review.

■ Temple further argues that these orders are appealable as "any special order after final judgment." Section 512.020(5). However, the provision regarding special orders after final judgment applies only to those orders attacking or aiding the enforcement of a judgment after it has become final. *A.L. v. Peeler*, 969 S.W.2d 262, 265 (Mo. App.E.D. 1998). Examples of "any special order after final judgment" include an order overruling a motion to quash an execution, an order reviving a judgment and lien after the judgment creditor obtained a writ of scire facias pursuant to prior Rule 74.36, and a final judgment entered in a garnishment action. *Helton Const. Co., Inc. v. High Point Shopping Center, Inc.*, 838 S.W.2d 87, 91 (Mo. App. S.D. 1992). The case law makes it clear that a "special order" arises only when a party seeks to enforce a final judgment or prevent the enforcement of a final judgment. In this case, the orders in question do not attack a judgment, aid in the enforcement of a judgment, or prevent the enforcement of a final judgment.

The appeal is dismissed for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN, J., and GLENN A. NORTON, J., concur.