The **MASONIC TEMPLE ASSOCIATION,**
Appellant,

v.

**COMPASS SQUARE AND STAR, INC., Respondent.**

**No. ED 88638.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 9, 2007.

Rehearing Denied June 19, 2007.

Motion for Rehearing or Transfer to Supreme Court Denied June 25, 2007.

Application for Transfer Denied Aug. 21, 2007.

Scott C. Harper, Aaron I. Mandel, Clayton, MO, for respondents.

James A. Stemmler, Saint Louis, MO, for appellant.

## OPINION

GLENN A. NORTON, Presiding Judge.

Masonic Temple ("Appellant") appeals an order requiring a court-appointed receiver to pay the attorney's fees incurred by a director of Compass, Square & Star, Inc. ("Compass"), for Brinker & Doyen, L.L.P.'s ("Respondent") defense of a civil

1. All statutory references are to RSMo 2000.

action brought by the receiver against the officers and directors of Compass. We dismiss for lack of jurisdiction.

## I. BACKGROUND

The underlying cause in this appeal is a receivership action brought by Appellant against Compass. The court appointed a receiver to collect and manage the funds of Compass, and thereafter ordered the receiver to file a civil suit for misappropriation against the officers and directors of Compass. In response, Compass filed a motion to define the scope of the receivership. In its motion, Compass sought the release of funds to allow the corporation to continue its operations and to defend against the misappropriation claims. The court ordered Compass to provide the receiver with its corporate bylaws regarding indemnification of directors and officers and to pay each defendant $1000 for deferment of attorney fee expenses.

Subsequently, Compass filed a motion complaining that no payments for attorney's fees had been made and requesting a payment of $45,000 to be used for its defense of the misappropriation suit. The receiver filed an objection to this motion on the grounds that the bylaws did not provide for indemnification in advance of fees and expenses being incurred. The receiver further argued that indemnification of officers and directors was controlled by section 355.476(2),[1] which provides that a determination of the proper attorney's fees to be awarded should be made at the close of the litigation. On October 5, 2004, the court entered an order directing the receiver "to pay the fees and expenses of [Compass] and [Compass's] Directors and Officers incurred to this date in Case No. 04 CC 002667, and from time to time as incurred."

Appellant attempted to appeal both the order directing the receiver to pay $1000 to each defendant for deferment of attorney's fees and the subsequent order directing the receiver to pay the fees and expenses incurred by Compass and its directors and officers. The appeals were consolidated and ultimately dismissed for lack of jurisdiction on the grounds that the orders were not final judgments. *The Masonic Temple Assn. v. Compass, Square & Star, Inc.*, 159 S.W.3d 448 (Mo.App. E.D. 2005).

Louise Meffert (a director of Compass) and the receiver eventually reached a settlement. On March 27, 2006, Meffert filed a motion to enforce her settlement agreement with the receiver, and her lawyers filed a motion for attorney's fees expended in her defense of the civil suit. Copies of the legal bills reflecting services rendered to date were attached to Meffert's motion. In response to the motion for attorney's fees, Appellant claimed that neither Meffert nor her attorneys had standing in the receivership to state a claim for attorney's fees. On August 21, 2006, the court entered an order directing the receiver to pay $5,155.47 to Respondent for services rendered to Meffert. The same day, Appellant filed a motion for stay of award of attorney's fees. The court denied the motion for stay of the award and issued an order stating, "order [awarding attorney's fees] is the final order of fees to Meffert. . . . Regarding this issue of the case, court finds no cause for delay for appeal." On August 31, 2006, the court designated the August 21, 2006 order as a "judgment."

Appellant filed a notice of appeal on the grounds that (1) the court lacked jurisdiction to order the award of attorney's fees because neither Meffert nor Respondent had standing in the receivership proceeding; (2) there was no legal basis for the award of attorney's fees; and (3) there was no evidentiary basis for the award.

Respondent has filed three motions that were taken with the case. First, Respondent has filed a motion to dismiss the appeal on the grounds that (1) the order awarding attorney's fees is not a final judgment, and (2) Appellant failed to file a notice of appeal against Meffert, who is the proper respondent. Second, Respondent has filed related motions for an award of attorney's fees on appeal. In these motions, Respondent argues that this appeal is frivolous because the attorney's fees awarded by the circuit court were properly recoverable under Compass's bylaws and under the court's prior orders. Respondent specifically asks for an award of $5,850 for costs expended in defense of this appeal. Appellant has filed a motion to strike, or alternatively, to deny Respondent's motion for award of attorney's fees on appeal.

## II. DISCUSSION

In order for the appellate court to have jurisdiction to review a lower court's judgment, there must be a final, appealable judgment. *In re Trust of Bornefeld*, 36 S.W.3d 424, 426 (Mo.App. E.D. 2001). Under the general rule, a judgment is final only if it disposes of all parties and all issues in the case and leaves nothing for future determination. *Oasis Car Wash, Inc. v. First North County Bank*, 558 S.W.2d 683 (Mo.App.1977). Where, however, a case involves multiple claims and multiple parties, Rule 74.01[2] provides an exception to the general rule by allowing a trial court to designate as final a judgment "as to one or more claims but fewer than all claims."

Appellants argue that the trial court's designation of the order as "judg-

**2.** All Rule references are to Missouri Supreme Court Rules (2007).

ment," and its determination that there is "no cause for delay," satisfies the jurisdictional requirement that an interlocutory order must be a final, appealable judgment. A trial court's certification under Rule 74.01, however, is not conclusive. *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997). "It is the content, substance, and effect of the order that determines finality and appealability." *Id.* In order for the designation to be effective, the order or judgment must dispose of "a distinct judicial unit," that is at least one claim for relief. *Maloney v. Thurman,* 157 S.W.3d 337, 340 (Mo.App. E.D.2005). "A claim for relief is the aggregate of operative facts giving rise to a right enforceable by a court." *Id.*

█ In a prior decision in this cause, this Court determined that two interlocutory orders, similar to the order here, were not appealable. *Masonic Temple,* 159 S.W.3d 448. Although the orders that were the subject of the prior appeal were not denominated "judgments" as required by Rule 74.01(b), this Court found that such a designation would not have overcome the fact that there was no final judgment from which an appeal could be taken. *Id.* at 450. Specifically, this Court stated,

> The orders in question do not resolve all of the claims in the case. Indeed the orders do not even resolve one distinct claim in the case. Rather, they are miscellaneous interlocutory orders regarding the receiver's powers and directing the receiver to make various payments.

*Id.* Similarly, while the order that is the subject of this appeal directs the receiver to make a final payment of attorney's fees as to Meffert, it fails to resolve a distinct claim in the receivership. In fact, Appellant acknowledged in oral argument that, while the order was final with respect to Meffert, there are other individuals who are likely to have a similar claim to attor-

ney's fees. Any subsequent judgment by the receivership court as to the recoverability of fees by other directors would necessarily involve issues arising out of the same transaction or occurrence upon which Meffert bases her claim. A ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of a claim is not a final judgment. *Gibson,* 952 S.W.2d at 244.

█ The purpose of Rule 74.01 is "to avoid redundant review of multiple appeals based on the same underlying facts and similar legal issues." *Committee for Educational Equality v. State,* 878 S.W.2d 446, 451 (Mo. banc 1994). To allow this appeal would be to directly defeat the purpose of Rule 74.01 because this Court would likely be asked by Appellant to review later judgments awarding attorney's fees to the other board members. These later appeals would all require a determination of the same legal issue, specifically whether the directors are entitled to indemnification, and therefore would require proof of the same facts and application of the same law. Because the judgment that is the subject of this appeal does not fully dispose of a single claim in the receivership, we must find that the court's certification under Rule 74.01 was an abuse of discretion. Accordingly, this Court is without jurisdiction to review the order on appeal and the appeal must be dismissed.

### III. CONCLUSION

Respondent's motion to dismiss the appeal for lack of appellate jurisdiction is granted. Respondent's motions for attorney's fees on appeal are denied. The appeal is dismissed.

LAWRENCE E. MOONEY and KENNETH M. ROMINES, JJ., concur.