

# In the Missouri Court of Appeals
# Eastern District
## DIVISION TWO

| | | |
|---|---|---|
| 231 PARTNERS, LLC, | ) | No. ED112592 |
| | ) | |
| Plaintiff, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 22SL-CC03247 |
| | ) | |
| CANNAVER, LLC, | ) | Honorable Bruce F. Hilton |
| | ) | |
| Defendant. | ) | Filed: February 18, 2025 |

Before Lisa P. Page, P.J., Rebeca Navarro-McKelvey, J., and Virginia W. Lay, J.

## OPINION

Kadean Construction Company, Inc. (Kadean) appeals from the order and judgment of the trial court sustaining, in part, the objection of the successor receiver to its proof of claim. The appeal is dismissed.

## BACKGROUND

At issue in this appeal is the trial court's March 11, 2023 order (March order) in the receivership proceeding for CannaVer LLC[1] (CannaVer) partially sustaining an objection by the successor receiver to Kadean's proof of claim for work performed on property located in Hazelwood, Missouri (Property). Guarantor Real Estate Holding Company, LLC (GREHC) owned said property and leased it to CannaVer.[2]

---

[1] 231 Partners, LLC filed a petition for receivership as the largest cash basis equity owner of the company, but they are not a participant in the litigation underlying this appeal.

[2] CannaVer owns a forty percent interest in GREHC.

On April 28, 2023, while the receivership was pending, Kadean and GREHC entered into a $537,539.07 consent judgment mechanic's lien in a separate cause of action in another division of the St. Louis County courts. Subsequently, in July 2023, Kadean filed a notice of proof of claim in the receivership proceeding for $586,819.25, which included the original principal amount owed, interest, and attorney's fees.

In September 2023, the successor receiver filed a motion to approve the sale of the Property, among other receivership assets, detailing the qualified bid received from the purchaser. On October 16, 2023, the court entered an order approving the sale. The order specifically stated it "constitutes a final and appealable order." It also stated it "shall not be construed to impact the allocation or ultimate payment by the Successor Receiver of any allowable claims," as set forth under sections 515.615 and .625 RSMo (2016)[3] of the Missouri Commercial Receiver Act (MCRA). The order set aside $1 million for an allocated fund (Allocated Fund) for claims filed by Kadean and other parties in the receivership related to the Property.

In December 2023, the successor receiver filed an objection to Kadean's proof of claim, arguing that GREHC was the owner of the Property and subject to a consent judgment for the mechanic's lien asserted by Kadean. The objection was heard, and on March 11, 2024, the court entered an order and judgment sustaining successor receiver's objection in part, agreeing that any payment of Kadean's claim shall be paid from the Allocated Fund. It is from this order Kadean now appeals.

## DISCUSSION

Kadean asserts one point on appeal alleging substantive claims of error regarding the trial court's March order sustaining, in part, the successor receiver's objection to Kadean's claim in

---

[3] All further statutory references are to RSMo (2016).

the receivership. However, on August 2, 2024, our court issued an order directing Kadean to show cause why the appeal should not be dismissed for lack of a final, appealable judgment. Kadean filed an answer to the order, and we issued a second order taking the issue with the case and allowing the parties to address this matter further in their respective briefs.

*Analysis*

We must first determine whether we have jurisdiction to consider this appeal. For our court to have jurisdiction to review the trial court's decision, there must be a final, appealable judgment. *Masonic Temple Ass'n v. Compass Square and Star, Inc.*, 229 S.W.3d 134, 136 (Mo. App. E.D. 2007) (internal citation omitted). The right to appeal is purely statutory, and unless an order falls within the narrow exceptions provided for by statute, a prerequisite to appellate review is that there must be a final judgment. *Masonic Temple Ass'n of St. Louis v. Compass Square and Star*, *Inc.*, 159 S.W.3d 448, 450 (Mo. App. E.D. 2005); *see also Meadowfresh Solutions USA, LLC, v. Maple Grove Farms, LLC*, 578 S.W.3d 758, 760 (Mo. banc 2019) (internal quotations omitted).

Pursuant to Section 512.020(2), a party to a suit aggrieved by the judgment of a trial court may appeal from any "[o]rder refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers . . . ." It is clear the court's March order partially sustaining the successor receiver's objection to Kadean's claim and requiring any such claim to be paid from the Allocated Fund set aside from the sale of the Property is not such an order.[4]

Section 512.020(5) grants a statutory right to appeal from a "[f]inal judgment" in the case. Where, as here, a case involves multiple claims and multiple parties, Rule 74.01(b)[5] allows

---

[4] Section 515.665 of the MCRA does state that orders of the court pursuant to the Act are "appealable to the extent allowed under existing law, including subdivision (2) of section 512.020; however, we need not decide whether this may provide a statutory right to appeal the March order because as discussed below, it is not final.
[5] All references to Rules are to Missouri Supreme Court Rules (2024).

a court to designate its judgment as final for purposes of appeal "as to one or more claims but fewer than all of the claims." In order to constitute a final judgment under this discretionary certification, the court's decision must dispose of a "judicial unit." *Wilson v. City of St. Louis*, 600 S.W.3d 763, 769 (Mo. banc 2020) (quoting *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997)). In *Wilson*, the Supreme Court clarified that a judgment may only be eligible for certification under Rule 74.01(b) if it: "(a) disposes of all claims by or against at least one party, or (b) it disposes of one or more claims that are sufficiently distinct from the claims that remain pending in the circuit court." *Id*. at 771. A judgment is not considered final if it is simply a ruling on a miscellaneous issue in nature and fails to resolve at least one claim. *Masonic Temple Ass'n of St. Louis*, 159 S.W.3d at 450.

Kadean argues the effect of the March order was to dismiss its claim in the receivership with prejudice, although it was not so designated. We disagree. The trial court's decision does not actually deny Kadean relief nor does it resolve a singular claim in the receivership cause of action. It merely partially sustained the successor receiver's objection to the claim and directed that Kadean be paid from the Allocated Fund, as ordered on October 16, 2023. Kadean's claim remains pending, as do the claims of other creditors. The separate litigation with GREHC regarding the mechanic's lien also remains undecided and could impact Kadean's receivership claim, if not eliminate it. Dependent upon the resolution of these remaining questions, Kadean has the ability to amend its receivership claim at any time. Section 515.615.4.

Pursuant to Section 515.540.1, the trial court is the ultimate authority over the receiver and the property administered by the receiver. Thus, any determination regarding the disposal of receivership assets is subject to approval of the court. When the successor receiver seeks an order to pay pending claims, Kadean will be given notice, the right to be heard, as well as the right to appeal. *See Glick Finley LLC v. Glick*, 310 S.W.3d 713, 716 (Mo. App. E.D. 2010)

4

(internal citation omitted) ("All interested persons must be given notice and have a right to be present and to be heard on the passing of a receiver's accounts.").

As a result, the court's March order does not meet the criteria of a final judgment and accordingly confers no jurisdiction for this court to proceed.

**CONCLUSION**

The appeal is dismissed for lack of appellate jurisdiction.

_____
Lisa P. Page, Presiding Judge


Rebeca Navarro-McKelvey, J., and
Virginia W. Lay, J., concur.